■  KENNETH T. GIBBONS et al., Doing Business as GIBBONS & BURKE, Respondents, v. DOUGLAS J. GROAT, Appellant. (And Another Action.) — REYNOLDS, J. Appeal from an order of the County Court, Schenectady County, denying an order consolidating two actions pursuant to CPLR 601, 602.

Respondents, attorneys at law, brought two separate actions against appellant for legal services rendered. The first action was for services in defending appellant in a divorce action, and the second for services for prosecuting a contract action for appellant. The court below found no common questions of fact or law involved in the two actions and thereupon held that respondents, if they chose not to join the two causes of action in one complaint as authorized by CPLR 601, could not be compelled to under 602. Appellant does not dispute the fact that the only relationship between the two actions is that appellant is a common defendant and respondents common plaintiffs and that both actions are for legal services rendered. Nevertheless he maintains consolidation should be ordered to avoid multiplicity of actions and to save him additional costs and expenses. Respondents admit that they will suffer no prejudice as a result of consolidation. The sole question posed is thus whether under CPLR 602 consolidation can be ordered where multiplicity of actions will be avoided and costs and expenses will be saved by the parties without any prejudice to either litigant, but where no common question of law or fact exists between the two actions. We concur with the court below that the question must be answered negatively. CPLR 602 specifically requires the existence of a common question of law or fact before the court can determine if in its discretion consolidation should be ordered. (Cf. Civ. Prac. Act, § 96 with CPLR 602, note commentary on 602 in McKinney's Cons. Laws of N. Y., Book 7B.) Thus while it is not necessary that all rules and all facts be common to both actions, there must at least be some important rules of law and some substantial issues of fact to be determined that are in common to both actions (*Dasheff* v. *Bath & Tennis Club of Westhampton*, 25 Misc 2d 13). We can find no authority, despite the present trend favoring easier consolidations, which would permit the court to dispense with this requirement no matter how desirable consolidation might otherwise be. (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 602.2–602.05.) Order affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.