■ MARVIN RAUCH, Plaintiff, v. MAX BERLIN, Defendant. MAX BERLIN, Defendant and Third-Party Plaintiff, v. BROMLEY PAINTERS, INC., Third-Party Defendant. BROMLEY PAINTERS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent, v. GLOBE INDEMNITY Co., Fourth-Party Defendant-Appellant and LEVENTHAL, PASSMAN & COHN, INC., Fourth-Party Defendant. — Order, entered March 29, 1965, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to appellant, and motion by fourth-party defendant, Globe Indemnity Co., to sever the fourth-party action, granted, with $10 costs. The main action to recover for personal injuries occasioned by a fall of a window pane was brought by plaintiff against persons owning or in control of a building; third-party defendant, a painting concern, alleged to be liable over to a defendant, is maintaining a fourth-party action against the Globe Indemnity Co. and an insurance brokerage firm. It is alleged in the fourth-party complaint that a liability insurance policy issued by Globe to the fourth-party plaintiff covers the accident or, in the event of noncoverage, that the brokers are liable for failure to obtain proper insurance coverage. The Globe Indemnity Company has disclaimed liability, and the fourth-party action is brought to procure a declaratory judgment determining ultimate rights as between the fourth-party plaintiff and the fourth-party defendants (Globe and the brokers), with judgment over against said defendants. Under the circumstances, substantial prejudice may result to the fourth-party defendants if they are compelled to try the fourth-party action with the issues involved in the main action and in the third-party action; and it was an unwise exercise of discretion for Special Term to deny the motion for a severance. (See *Kelly* v. *Yanotti,* 4 N Y 2d 603; *Greenberg's Sons* v. *Peter Pan Fur Co.,* 33 Misc 2d 453.) Concur — Valente, J. P., McNally, Eager and Steuer, JJ.

■ ETHEL HAMILTON et al. v. PRESBYTERIAN HOSPITAL OF THE CITY OF NEW YORK.— Motion to resettle order of October 15, 1965 granted. The exclusion from the retrial of the issue as to the alleged malpractice of the physician was determined to be required on the law and the facts and not as a matter of discretion. The objection raised by defendant directed towards a possible avoidance by plaintiffs of the requirement for the filing of a stipulation for judgment absolute does not justify denial of the relief sought by plaintiff. Whether the jurisdictional requirements for an appeal to the Court of Appeals will have been complied with is for that court to determine at an appropriate time. Settle order on notice. Concur — Rabin, J. P., McNally, Eager, Steuer and Staley, JJ.