■   KURT KRIEGER, Respondent, v INSURANCE COMPANY OF NORTH AMERICA et al., Appellants.—Order unanimously reversed, without costs, and motion granted. Memorandum: While riding a motorcycle plaintiff Krieger was involved in a collision with a vehicle driven by defendant Grasso and insured by defendant Insurance Company of North America (INA). As a result of the accident, INA paid first-party benefits to plaintiff pursuant to the New York Comprehensive Automobile Insurance Reparations Act (commonly, "No-Fault"). Certain of plaintiff's claims for first-party benefits, however, were later rejected. Plaintiff then brought this action against Grasso for damages for personal injuries and against INA for payment of additional first-party benefits. Both defendants promptly moved for severance and separate trials of the two causes of action, asserting that

there were no common issues and that a single trial would unduly prejudice their rights. Special Term denied the motion. Claims should be severed where they are so unrelated that a single trial would result in undue prejudice to a party (Siegel, New York Practice [1978], § 129, p 159). Although it is probably true that most jurors are aware that defendants in negligence cases are insured, it remains a rule in New York that evidence of insurance is usually irrelevant and prejudicial (Richardson, Evidence [10th ed], § 169, p 137). The cause of action against Grasso involves the issue of negligence. The cause of action against INA involves no-fault insurance payments. The injection of the issue of insurance in the negligence case, particularly where plaintiff is demanding damages well in excess of defendant Grasso's liability coverage, is inherently prejudicial and should be avoided *(Kelly v Yannotti,* 4 NY2d 603; *McDavid v Gunnigle,* 50 AD2d 737; *Strauss v Bennet Bros. Corp.,* 27 AD2d 528). (Appeal from order of Oneida Supreme Court—severance.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.