■ TRANSAMERICA INSURANCE COMPANY, as Subrogee of AR-CEE ICE CREAM FACTORY, INC., et al., Respondents, v TOLIS INN, INC., Respondent and Third-Party Plaintiff-Respondent. ALL-

CITY INSURANCE COMPANY, Third-Party Defendant-Appellant.— Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered March 10, 1986, which granted the motion and cross motion to consolidate three actions for trial in the Supreme Court and remove action No. 2 from the Civil Court, New York County, for that purpose, unanimously modified, on the law, on the facts and in the exercise of discretion, to deny consolidation of action No. 1 with actions Nos. 2 and 3, grant consolidation as to actions Nos. 2 and 3 for trial in the Supreme Court, and otherwise affirmed, without costs or disbursements.

These actions relate to a fire which occurred on April 6, 1982, at premises located at 1265 First Avenue, New York City, owned by Tolis Inn, Inc. Action No. 1 was commenced by Tolis against its insurance carrier to recover for property damage under a multiple peril insurance policy issued by Allcity Insurance Company, which, *inter alia,* alleged arson as an affirmative defense. Actions Nos. 2 and 3 were instituted, respectively, in the Civil Court and in the Supreme Court to recover for property damage to adjoining premises, each proceeding on a theory that Tolis had negligently caused the fire. Plaintiffs in the latter two actions are subrogee-insurance companies who insured the tenants of the adjoining premises and, as a result of having paid on their insurance policies, became subrogated to their insureds' rights. Special Term granted the motion and cross motion to remove action No. 2 from the Civil Court and to consolidate all three actions for trial in the Supreme Court.

In our view, under the circumstances presented, it was an improvident exercise of discretion to consolidate action No. 1, brought by Tolis, as assured, against Allcity, involving a dispute over insurance coverage, with the negligence actions commenced against Tolis by third parties, to recover for damage to the adjoining premises. While there does exist a common question of fact, namely, the origin of the fire, to permit the dispute as to insurance coverage to be tried before the same jury charged with determining the negligence issue would be prejudicial, since it would bring before the jury the fact of the existence of liability insurance coverage. "The specific knowledge of the dispute over insurance coverage would of necessity temper the thinking of the jury and unduly influence their verdict. The prejudice inherent in a situation of this sort should be avoided. *(Kelly* v. *Yannotti,* 4 N Y 2d 603; *Strauss* v. *Bennett Bros. Corp.,* 27 A D 2d 528; *Schwartz* v. *Jonathan Woodner & Co.,* 40 A D 2d 1027)" *(D'Apice v*

*Tishman 919 Corp.,* 43 AD2d 925; *see also, McDavid v Gunnigle,* 50 AD2d 737, 738). Concur—Sullivan, J. P., Milonas, Kassal, Ellerin and Smith, JJ.