■ ROBERT W. STRASSER, Respondent, v LARRY N. NEURINGER, Appellant. (Action No. 1.) PAMELA HEINS, Respondent, v LARRY NEURINGER, Appellant, et al., Defendant. (Action No. 2.)—In two negligence actions to recover damages for personal

injuries allegedly sustained in a motor vehicle accident, Larry N. Neuringer, a defendant in both actions, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Goldstein, J.), dated February 19, 1987, as, upon directing that the actions be jointly tried, placed venue in New York County.

Ordered that the order is affirmed insofar as appealed from, with costs.

The general rule for determining the venue of actions which are joined or consolidated pursuant to CPLR 602, where the actions have been commenced in different counties, is that absent special circumstances, venue should be placed in the county where the first action was commenced (*T T Enters. v Gralnick,* 127 AD2d 651, 652). Such a determination, however, is addressed to the sound discretion of the court (*Leung v Sell,* 115 AD2d 929). At bar, although the first action was commenced in Suffolk County, the circumstances are such that the court's determination to place venue in New York County where the second action was commenced was not an abuse of that discretion. The plaintiff in action No. 2 demonstrated that the convenience of at least one material nonparty eyewitness would be served by placing venue in New York County. There was no showing that any material nonparty witness would be inconvenienced by placing venue in New York County. Moreover, Robert Strasser, the plaintiff in action No. 1, who had selected Suffolk County as the venue in the first instance, expressly did not oppose the placing of venue in New York County. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.