■ BARBARA SAKIN et al., Respondents, v EDWARD FRYMAN, Appellant.—In a medical malpractice action, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Burstein, J.), dated November 10, 1987, as, *inter alia,* awarded judgment in favor of the plaintiff Barbara Sakin against the defendant in the principal sum of $255,000.

Ordered that the judgment is reversed insofar as appealed

from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only unless within 20 days after service upon the plaintiff Barbara Sakin of a copy of this decision and order, with notice of entry thereof, she shall serve and file in the office of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to her damages to the principal sum of $105,500, and to the entry of an amended judgment accordingly. In the event that she so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, with costs. The findings of fact as to liability are affirmed.

The sole question on cross-examination of the defendant's expert witness concerning insurance, while improper, was not so prejudicial as to have denied the defendant a fair trial. The nature of the evidence of the defendant's liability was extremely convincing, and the witness's answer indicated that he had no connection whatsoever with any insurance company, effectively negating any inference that the question might have raised.

Nor do we find that the court's charge was unfairly weighted in favor of the plaintiffs. We note that the defendant took no exception to the charge as given. Further, the defendant's contention that it was the subsequent surgery which is responsible for Barbara Sakin's condition is negated by the jury's determination that it was the acts of the defendant which proximately caused her injury (see, Londa v Dougbay Estates, 40 NY2d 1001, 1002).

Nevertheless, we find the jury verdict excessive to the extent indicated. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.