■ SUZANNE GOMEZ et al., Plaintiffs, v JERSEY COAST EGG PRODUCERS, INC., et al., Respondents. (Action No. 1.) BRENDAN ABT et al., Plaintiffs, v JERSEY COAST EGG PRODUCERS, INC. et al., Respondents. (Action No. 2.) JOSEPHINE WALSH et al., Appellants, v MEAT FARMS, INC., et al., Respondents. (Action No. 3.)—In three actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 3 appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered July 30, 1990, as, upon consolidating the actions, granted the motion of the defendant Jersey Coast Egg Producers, Inc., to change the venue of Action No. 3 from Bronx County to Suffolk County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The three actions which are subject of this appeal arise out of an alleged salmonella poisoning of the guests at a baby shower in the Suffolk County home of one of the defendants. The defendant Jersey Coast Egg Producers, Inc., moved to

consolidate the actions and place venue in Suffolk County. It is undisputed on appeal that the actions involve identical issues of fact and law and were properly consolidated. The appellants argue, however, that the court erred in placing the venue of the consolidated actions in Suffolk County, since Action No. 3 was commenced first in Bronx County. We disagree.

Generally, where actions commenced in different counties have been consolidated pursuant to CPLR 602, the venue should be placed in the county where the first action was commenced, unless special circumstances are present (see, Strasser v Neuringer, 137 AD2d 750, 751; TT Enters. v Gralnick, 127 AD2d 651, 652). That determination is addressed to the sound discretion of the court (see, Leung v Sell, 115 AD2d 929). In the present case, 23 of the 25 plaintiffs in the three actions reside in Suffolk County and initially received medical treatment there. In addition, the alleged food poisoning occurred in Suffolk County. An investigation was conducted by the Suffolk County Department of Health Services, the food in question was prepared and sold in Suffolk County, and several defendants reside or do business in Suffolk County. Unquestionably, it will be more practical to conduct the trial in Suffolk County. Under these circumstances, it cannot be said that the court improvidently exercised its discretion in placing venue of the consolidated actions in Suffolk County (see, Strasser v Neuringer, supra; Public Serv. Truck Renting v Ambassador Ins. Co., 136 AD2d 911; cf., Maldonado v Whiting, 109 AD2d 871).

We find no merit to the plaintiffs' contention that the Supreme Court, Suffolk County, lacked jurisdiction to determine the instant motion. "When two [or more] actions are pending in the Supreme Court in different counties, the motion to consolidate may be made in either county" (Woods v County of Westchester, 112 AD2d 1037, 1038; see also, Perinton Assocs. v Heicklen Farms, 67 AD2d 832, 833; Siegel, NY Prac §§ 128, 245 [2d ed]). Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.