■ TEODORO LAMBOY et al., Appellants, v INTER FENCE CO., INC., et al., Respondents. [601 NYS2d 619] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 6, 1992, which denied plaintiffs-appellants' motion to remove from Civil Court, Bronx County an action entitled *Travelers Indem. Co. v Lamboy,* and to consolidate it with the instant action, unanimously reversed, on the law, and the motion granted, without costs.

Absent a showing of prejudice to a substantial right, the existence of common questions of law or fact justifies the grant of a motion for consolidation (CPLR 602 [a]). The instant personal injury action arises out of the same automobile accident as a separate action brought in Civil Court for property damage and both actions necessarily involve the same issues of liability. Further, Travelers Indemnity Co., plaintiff, as subrogee, in the Civil Court action has failed to demonstrate that it would be prejudiced by consolidation by its mere allegation that its identity as an insurance company will influence the jury in a consolidated action. While such prejudice may be found in situations in which joining a second action would reveal to the jury that a defendant in the first action is insured *(see, Kelly v Yannotti,* 4 NY2d 603), there is no reason to believe that a jury in this case would be influenced in any way by the appearance of an insurance company as a coplaintiff subrogee. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.