■ Violet Medick, Plaintiff, v Millers Livestock Market, Inc., Appellant, and Charles D. Himelrick, Respondent, et al., Defendant. (Action No. 1.) Nationwide Insurance Company, as Subrogee of Violet Medick, et al., Respondent, v Millers Livestock Market, Inc., Appellant, et al., Defendants. (Action No. 2.) [669 NYS2d 776] —White, J. Appeal from an order of the

Supreme Court (Dier, J.), entered October 1, 1997 in Washington County, which denied a motion by defendant Millers Livestock Market, Inc. for consolidation of action Nos. 1 and 2.

On April 27, 1994, an automobile operated by defendant Charles D. Himelrick in which plaintiff Violet Medick (hereinafter plaintiff) was a passenger collided with a cow that had wandered onto the highway from premises where defendant Millers Livestock Market, Inc. was holding a cattle auction. Because the vehicle involved in the accident was owned by plaintiff, her automobile liability insurer, plaintiff Nationwide Insurance Company, was required to pay no-fault benefits to plaintiff and Himelrick and to satisfy a property damage claim. Subsequently, plaintiff commenced action No. 1 against Himelrick, Millers and another to recover for personal injuries allegedly sustained in the accident and Nationwide commenced action No. 2, a subrogation action, to recover the payments it made under plaintiff's policy. Shortly after action No. 2 was commenced, Millers moved to consolidate the two actions. Supreme Court denied the motion and Millers appeals.

We affirm. It is generally recognized that, even where common facts exist, it is prejudicial to insurers "to have the issue of insurance coverage tried before the jury that considers the underlying liability claims" (*Schorr Bros. Dev. Corp. v Continental Ins. Co.*, 174 AD2d 722; *see, Kelly v Yannotti*, 4 NY2d 603; *Transamerica Ins. Co. v Tolis Inn*, 129 AD2d 512). Unlike the situation in *Lamboy v Inter Fence Co.* (196 AD2d 705), here Himelrick, a subrogor in the second action, is also a defendant in the main action. Since it is likely that consolidation would bring to the jury's attention the existence of liability insurance in the personal injury action commenced by plaintiff, we cannot conclude that Supreme Court's denial of the motion to consolidate was an improvident exercise of its discretion.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.