■ FISHER 40TH & 3RD COMPANY et al., Appellants, v WELSBACH ELECTRIC CORP. et al., Respondents. CHARLES SULLIVAN et al., Respondents, v FISHER 40TH & 3RD COMPANY et al., Defendants. (And Other Actions.) [699 NYS2d 21] —Order, Supreme Court, New York County (Stephen Crane, J.), entered March 1, 1999, denying plaintiffs-subrogated insurers' motion to consolidate this property damage action with personal injury actions that have already been consolidated with each other, unanimously modified, on the law, the facts, and in the exercise of discretion, the motion granted to the extent of consolidating the property damage action with the already consolidated personal injury actions, on the issue of liability only, and otherwise affirmed, without costs.

The Fisher plaintiffs and plaintiff Hawaiian Realty herein are defendants in two personal injury actions (actions 1 and 3; action 2, previously consolidated with actions 1 and 3, has been settled) arising from a fire in Fisher's commercial building. Plaintiff in action 1 is an injured firefighter; plaintiffs in

action 3 have not appeared in this appeal. Fisher defendants and third-party plaintiffs commenced a third-party action against present defendant Welsbach, an electrical contractor working in the building at the time of the fire.

In June 1998, the present action (action 4) was commenced, seeking recovery for the Fisher plaintiffs for property damage and loss of rental income in excess of $4,200,000 allegedly caused by Welsbach. Those plaintiffs then moved to consolidate the property damage action with the personal injury actions, contending that the actions all involved common questions of law and fact, arose out of the same incident, and involved many of the same parties, so that consolidation would save time and avoid duplicative litigation and expense.

The personal injury plaintiffs in actions 1 and 3 opposed, alleging that the personal injury trial would be delayed by the property damage trial, as did third-party defendant in that case and present defendant Welsbach, claiming the need for additional discovery in the subrogation action, and arguing that the variety of legal issues presented together, and differences in damages theories, would confuse the jury.

This latter concern can be disposed of if the subrogation trial is bifurcated, leaving the issue of damages for separate consideration. On liability, the issues and parties are sufficiently related that the policy preference for consolidation should prevail (*Collazo v City of New York*, 213 AD2d 270; *Raboy v McCrory Corp.*, 210 AD2d 145; *Chinatown Apts. v New York City Tr. Auth.*, 100 AD2d 824), notwithstanding the possibility of some delay occasioned by consolidation (*Raboy v McCrory Corp.*, supra; *Amtorg Trading Corp. v Broadway & 56th St. Assocs.*, 191 AD2d 212; *Chinatown Apts. v New York City Tr. Auth.*, supra), and outstanding discovery can be directed on an expedited basis (*Collazo v City of New York, supra*; *Chinatown Apts. v New York City Tr. Auth., supra*). Thus, the parties opposing consolidation have not carried their burden of demonstrating prejudice of a substantial right (*Matter of Vigo S. S. Corp. [Marship Corp.]*, 26 NY2d 157, *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.*, 400 US 819; *Raboy v McCrory Corp., supra*; *Amtorg Trading Corp. v Broadway & 56th St. Assocs., supra*). Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.