(July 11, 2006)

■ STACY ALBEN, Appellant, v MID-HUDSON MEDICAL GROUP, P.C., et al., Respondents. [818 NYS2d 261]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated February 22, 2005, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and for a new trial, and (2) a judgment of the same court, entered March 18, 2005, which, upon a jury verdict, and upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In general, evidence that a party is insured is not admissible in an action based on negligence (*see Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118 [1965]; *Leotta v Plessinger*, 8 NY2d 449, 461 [1960]; *Simpson v Foundation Co.*, 201 NY 479, 490 [1911]). Under the peculiar circumstances of this case, the court's allowance of questions and summation argument regarding the decedent's physical examination for the purpose of obtaining life insurance was harmless error (*see Kowalski v Loblaws, Inc.*, 61 AD2d 340, 343 [1978]; *see also Sakin v Fryman*, 147 AD2d 626, 627 [1989]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.