■ ANDREW SMITH, Respondent, v McCLIER CORPORATION et al., Appellants, et al., Defendant. (And a Third-Party Action.) RUTTURA & SONS, Second Third-Party Plaintiff-Appellant, v UNITED STATES REBAR, INC., Second Third-Party Defendant-Respondent. (And Another Action.) [831 NYS2d 413]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about July 26, 2006, which, in denying so much of the motion by third third-party defendant Eurotech Construction Company (not a party to this appeal) for summary judgment dismissing plaintiff's claim under Labor Law § 241 (6) as based on Industrial Code (12 NYCRR) § 23-1.7 (e), found that plaintiff had also stated claims under section 241 (6) as based on 12 NYCRR 23-2.7 (e) and 23-1.7 (b) (1) (i), unanimously modified, on the law, the finding as to section 23-1.7 (b) (1) (i) vacated, and otherwise affirmed, without costs.

Order, same court, Justice and entry date, which denied the motion by defendants McClier, Ruttura & Sons, NYP Holdings and New York City Industrial Development Agency for an order pursuant to CPLR 603, bifurcating the trial into liability and damages sections, unanimously affirmed, without costs.

Order, same court, Justice and entry date, which denied defendant Ruttura's motion to sever its third-party indemnification claim for early trial before the main action, unanimously modified, on the law, and the motion granted only to the extent of severing the third-party claim, and otherwise affirmed, without costs.

In upholding the viability of the claim with regard to section 23-1.7 (e) (1) of the Industrial Code, the court properly noted that section 23-2.7 was also applicable to the facts herein, in that plaintiff claims to have fallen from a staircase on a construction site that lacked railings (see *Kanarvogel v Tops Appliance City*, 271 AD2d 409, 411 [2000], *lv dismissed* 95 NY2d 902 [2000]). However, it erred in finding section 23-1.7 (b) (1) (i) applicable, since a staircase is not considered a "hazardous opening" (see *Contrera v Gesher Realty Corp.*, 1 AD3d 111 [2003]; *Frank v Meadowlakes Dev. Corp.*, 256 AD2d 1141 [1998]).

The court did not improvidently exercise its discretion in denying the motion for a bifurcated trial, since plaintiff set forth a valid reason why the damages issue was intertwined with the liability issue (see *Shea v 5008 Broadway Assoc.*, 292 AD2d 292 [2002]).

We modify the third order on appeal to grant severance of the contractual indemnification claim from the main action. To permit this dispute to be tried before the same jury charged with determining the negligence issue would be prejudicial, since it would put before the jury the existence of liability insurance coverage (see *Transamerica Ins. Co. v Tolis Inn*, 129 AD2d 512 [1987]). We leave undisturbed the court's conclusion that adjudication of the indemnification claim prior to determination of liability would be premature. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.