██ AMETH HOWELL, Respondent, v RS CAB CORP. et al., Defendants, and COURIER CAR RENTALS, INC., et al., Appellants. [884 NYS2d 426]—

In an action to recover damages for personal injuries, the defendants Courier Car Rentals, Inc., and Rahim Ashmeed appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 11, 2008, as granted that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability as to them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability as to the appellants is denied.

This action arises from a two-car motor vehicle accident which occurred at the intersection of 11th Avenue and West 42nd Street in Manhattan, involving a taxi owned by the defendant RS Cab Corp. and operated by the defendant Jocelyn U. Idemudia, and a van owned by the defendant Courier Car Rentals, Inc., and operated by the defendant Rahim Ashmeed. In support of his renewed motion for summary judgment on the issue of liability, the plaintiff submitted, inter alia, his own deposition testimony, in which he testified that the accident occurred when Idemudia, the driver of the taxi in which he was a passenger, began to make a left turn from the middle lane of 11th Avenue onto the eastbound roadway of West 42nd Street, and collided with the van operated by Ashmeed. Notably, the plaintiff's deposition testimony, if credited, established that Idemudia operated her taxi in violation of Vehicle and Traffic Law § 1160 (c). In any event, the plaintiff failed to submit any evidence establishing that the accident was proximately caused by any negligent conduct on the part of Ashmeed in operating his motor vehicle, and thus, failed to make a prima facie showing of entitlement to judgment as a matter of law with regard to the appellants (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Under these circumstances, we need not consider whether the appellants' papers in opposition were sufficient to raise a triable issue of fact (*see Chaplin v Taylor*, 273 AD2d 188 [2000]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability as to the appellants. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.