■ Marie Pierre-Louis, Respondent, v DeLonghi America, Inc., et al., Respondents, and Antoneen Darden et al., Appellants. (Action No. 1.) Tower Insurance Company of New York, as Subrogee of Antoneen Darden, Appellant, v DeLonghi America, Inc., et al., Respondents. (Action No. 2.) Allstate Insurance Company, as Subrogee of Rick E. Britton and Another, Plaintiff, v Antoneen Darden et al., Defendants. (And a Third-Party Action.) (Action No. 3.) [887 NYS2d 632]—

In an action, inter alia, to recover damages for wrongful death and personal injuries (action No. 1), and two subrogation actions to recover insurance benefits paid (action Nos. 2 and 3),

Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall and Marques McCall, also known as Marcus McCall, defendants in action No. 1, Matthew McCall, a defendant in action No. 1, and Tower Insurance Company of New York, the plaintiff in action No. 2, appeal from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 12, 2007, as granted that branch of the motion of Marie Pierre-Louis, the plaintiff in action No. 1, which was for a joint trial of action Nos. 1 and 2.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents appearing separately and filing separate briefs, payable by the appellants.

This appeal stems from three related actions. In action No. 1, the plaintiff sought, inter alia, to recover damages for wrongful death from, among others, Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall (hereinafter Darden) arising out of a fire on the premises owned by Darden. In action No. 2, Tower Insurance Company of New York, as subrogee of Darden, sought to recoup from the defendants DeLonghi America, Inc., and Home Depot, Inc., in action No. 1 the money it paid on Darden's claim arising out of the same fire. Insofar as is now relevant, following the completion of discovery, the Supreme Court, inter alia, granted that branch of the motion of the plaintiff in action No. 1, pursuant to CPLR 602 (a), which was for a joint trial of action Nos. 1 and 2.

When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right (see *Glussi v Fortune Brands,* 276 AD2d 586, 587 [2000]; *Ryckman v Schlessinger-Levi-Polatsch-Tydings,* 225 AD2d 603 [1996]; *North Side Sav. Bank v Nyack Waterfront Assoc.,* 203 AD2d 439 [1994]). Here, although the appellants demonstrated that they will be prejudiced if action Nos. 1 and 2 are tried before the same jury, since it will bring to the jury's attention the existence of liability insurance in action No. 1 (see *Kelly v Yannotti,* 4 NY2d 603 [1958]; *Christensen v Weeks,* 15 AD3d 330 [2005]; *Medick v Millers Livestock Mkt.,* 248 AD2d 864, 865 [1998]; *see also Alben v Mid-Hudson Med. Group, P.C.,* 31 AD3d 471 [2006]), the prejudice to the appellants is outweighed by the possibility of inconsistent verdicts if separate trials ensue (see *Millington v Williams,* 250 AD2d 977 [1998]; *Kupferschmid v Hennessy,* 221 AD2d 225 [1995]; *Richardson v Uess Leasing Corp.,* 191 AD2d 394 [1993]). Further, the prejudice to the appellants can be mitigated by the trial court with the appropriate jury instructions. Accordingly, the Supreme Court providently exercised its discretion in granting that

branch of the plaintiff's motion which was for a joint trial of action Nos. 1 and 2. Skelos, J.P., Fisher, Belen and Lott, JJ., concur.