■ GLOBAL IMPORTS OUTLET, INC., Doing Business as GLOBAL FINE REPRODUCTIONS, Respondent, v THE SIGNATURE GROUP, LLC, Appellant, et al., Defendants. [926 NYS2d 87]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 2, 2010, which, to the extent appealed from as limited by the briefs, denied defendant The Signature Group, LLC's motion to sever plaintiff's insurance procurement claim against it from the property damage claim against the other defendants, unanimously affirmed, with costs.

The motion court providently exercised its discretion in denying the motion, since Signature failed to demonstrate that a joint trial would result in substantial prejudice (*see* CPLR 603; *Geneva Temps, Inc. v New World Communities, Inc.*, 24 AD3d

332, 334 [2005]). An insurance company or broker would be prejudiced if an insurance coverage claim and a negligence claim were tried before the same jury (*see Kelly v Yannotti*, 4 NY2d 603 [1958]; *Hoffman v Kew Gardens Hills Assoc.*, 187 AD2d 379 [1992]; *Transamerica Ins. Co. v Tolis Inn*, 129 AD2d 512 [1987]; *see also Taylor v Fazio*, 291 AD2d 293 [2002]). However, this case does not involve a dispute about insurance coverage. Rather, it involves the failure to procure insurance coverage. Further, there is no claim that additional discovery is required, or that the trial would otherwise be delayed if the motion is denied (*see Neckles v VW Credit, Inc.*, 23 AD3d 191, 192 [2005]). Nor is there any alleged "threat of jury confusion" based on the number of issues or witnesses (*Witherspoon v New York City Hous. Auth.*, 238 AD2d 276 [1997]). Lastly, plaintiff would be prejudiced by severance. Indeed, Signature filed its motion after the note of issue was filed and more than a year after the issuance of an order consolidating this action with another related action (*cf. Kelly*, 4 NY2d at 605, 607-608). Concur—Andrias, J.P., Friedman, Renwick, DeGrasse and Abdus-Salaam, JJ.