■ Melissa Nesbitt, Respondent, v Town of Carmel et al., Defendants, and Michael L. Shaw, Appellant. [32 NYS3d 627]—

In an action to recover damages for personal injuries, the defendant Michael L. Shaw appeals from an order of the Supreme Court, Putnam County (Lubell, J.), dated December 8, 2014, which denied the motion of nonparty IDS Property Casualty Insurance Company for leave to intervene in the action as a plaintiff and, in effect, denied his motion to consolidate this action with an action entitled *IDS Prop. Cas. Ins. Co. v Shaw*, pending in the Supreme Court, Putnam County, under index No. 1060/14.

Ordered that the appeal from so much of the order as denied the motion of nonparty IDS Property Casualty Insurance

Company for leave to intervene in the action as a plaintiff is dismissed, without costs or disbursements, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, the motion of the defendant Michael L. Shaw to consolidate this action with an action entitled *IDS Prop. Cas. Ins. Co. v Shaw*, pending in the Supreme Court, Putnam County, under index No. 1060/14, is granted, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings, including amendment of the caption to reflect the consolidation.

The plaintiff Melissa Nesbitt commenced this action to recover damages for personal injuries allegedly sustained as a result of a motor vehicle accident (hereinafter the personal injury action). Thereafter, Nesbitt's insurer, IDS Property Casualty Insurance Company (hereinafter IDS), suing as subrogee of Nesbitt, commenced an equitable subrogation action to recover no-fault benefits it paid on behalf of Nesbitt, under an additional personal injury protection endorsement, for economic loss arising from the same motor vehicle accident (hereinafter the subrogation action). The defendant Michael L. Shaw, a party to both the personal injury action and subrogation action, moved to consolidate the two actions pursuant to CPLR 602 (a). The Supreme Court, which mischaracterized Shaw's motion as one made by IDS, denied the motion to consolidate, based, inter alia, upon the reasoning that, since IDS was not a party to the personal injury action, it could not move for consolidation in that action. Shaw appeals.

Under the circumstances of this case, it was procedurally proper for Shaw, a party to both actions, to file his motion to consolidate in the personal injury action, and therefore, the Supreme Court should have considered the merits of the motion. Further, under the circumstances of this case, given the common issues of law and fact, and lack of demonstrable prejudice, Shaw's motion to consolidate should have been granted (*see Hanover Ins. Group v Mezansky*, 105 AD3d 1000 [2013]; *Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]; CPLR 602 [a]).

Nesbitt's remaining contentions are not properly before this Court on this appeal. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.