Calle v 2118 Flatbush Ave. Realty, LLC (2022 NY Slip Op 05981)

Calle v 2118 Flatbush Ave. Realty, LLC

2022 NY Slip Op 05981

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-04532
 (Index No. 501425/20)

[*1]Luis Calle, plaintiff, 
v
2118 Flatbush Avenue Realty, LLC, et al., respondents, & M 2116 Flatbush Avenue Owners, LLC, defendant-appellant; Union Mutual Fire Insurance Company, etc., nonparty-appellant.

Gold, Benes, LLP, Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for defendant-appellant and nonparty-appellant.
Koster, Brady & Nagler, New York, NY (Preeti V. Dawane of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for injury to personal property, the defendant V & M 2116 Flatbush Avenue Owners, Inc., incorrectly sued herein as V & M 2116 Flatbush Avenue Owners, LLC, and nonparty Union Mutual Fire Insurance Company, as subrogee of V & M 2116 Flatbush Avenue Owners, Inc., appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated June 15, 2021. The order, insofar as appealed from, in effect, denied that branch of the motion of the defendant V & M 2116 Flatbush Avenue Owners, Inc., incorrectly sued herein as V & M 2116 Flatbush Avenue Owners, LLC, and nonparty Union Mutual Fire Insurance Company, as subrogee of V & M 2116 Flatbush Avenue Owners, Inc., which was pursuant to CPLR 602(a) to join for trial this action with an action entitled Union Mutual Fire Insurance Company v 2118 Flatbush Realty, LLC, pending in the same court under Index No. 509148/20.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant V & M 2116 Flatbush Avenue Owners, Inc., incorrectly sued herein as V & M 2116 Flatbush Avenue Owners, LLC, and nonparty Union Mutual Fire Insurance Company, as subrogee of V & M 2116 Flatbush Avenue Owners, Inc., which was pursuant to CPLR 602(a) to join for trial this action with the action entitled Union Mutual Fire Insurance Company v 2118 Flatbush Realty, LLC, pending in the same court under Index No. 509148/20, is granted.
In January 2020, the plaintiff commenced this action to recover damages for injury to personal property caused by a fire which occurred on April 17, 2019. The fire allegedly started in a building located at 2118 Flatbush Avenue, Brooklyn, and spread to a building located at 2116 Flatbush Avenue, Brooklyn. At the time of the fire, the defendant V & M 2116 Flatbush Avenue Owners, Inc., incorrectly sued herein as V & M 2116 Flatbush Avenue Owners, LLC (hereinafter V & M), owned the building located at 2116 Flatbush Avenue, and the plaintiff was the lessee of a second floor residential apartment in that building. The defendant 2118 Flatbush Avenue Realty, LLC (hereinafter 2118 Flatbush), owned the adjoining building located at 2118 Flatbush Avenue, and the defendant E Sushi of Brooklyn, LLC, doing business as Osaka Japanese Restaurant [*2](hereinafter E Sushi), was the lessee of a commercial space in that building. In June 2020, nonparty Union Mutual Fire Insurance Company (hereinafter Union Mutual), as subrogee of V & M, commenced an action against 2118 Flatbush and E Sushi to recover the proceeds it paid on V & M's claim for property damage arising out of the fire. In December 2020, V & M and Union Mutual (hereinafter together the appellants) moved pursuant to CPLR 602 to join the actions for discovery and trial. 2118 Flatbush and E Sushi (hereinafter together the respondents) did not oppose that branch of the motion which was to join the actions for discovery, but did oppose that branch of the motion which was to join the actions for trial. In an order dated June 15, 2021, the Supreme Court granted that branch of the motion which was to join the actions for discovery and, in effect, denied that branch of the motion which was to join the actions for trial.
Although a motion pursuant to CPLR 602(a) is addressed to the sound discretion of the trial court (see Kaladze v Ocean Park Acquisition, L.P., 203 AD3d 1151, 1152; Rhoe v Reid, 166 AD3d 919, 921), consolidation or joinder for trial is favored to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (see Robinson v 47 Thames Realty, LLC, 158 AD3d 780, 781; Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d 839, 839). "Where common questions of law or fact exist, a motion [pursuant to CPLR 602(a)] to consolidate [or for a joint trial] should be granted, absent a showing of prejudice to a substantial right by the party opposing the motion" (Disa Realty, Inc. v Rao, 198 AD3d 869, 871 [internal quotation marks omitted]; see Wilson v Perlman, 185 AD3d 984, 984).
Here, contrary to the respondents' contention, the two actions involve common questions of law and fact. Assuming, arguendo, that the respondents would be prejudiced if the two actions are tried before the same jury since it would bring to the jury's attention the existence of insurance (see Kelly v Yannotti, 4 NY2d 603; Hershfeld v JM Woodworth Risk Retention Group, Inc., 164 AD3d 1423, 1425; Christensen v Weeks, 15 AD3d 330, 331-332), any such prejudice is outweighed by the possibility of inconsistent verdicts if separate trials ensue (see Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1001; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856). Furthermore, the possibility of such prejudice can be mitigated by appropriate jury instructions (see Mejia v Doe, 186 AD3d 1356, 1357; Pierre-Louise v DeLonghi Am., Inc., 66 AD3d at 856). Moreover, a joint trial, rather than consolidation, is appropriate where a party is both a plaintiff and a defendant (see Matter of Joseph J., 106 AD3d 1004, 1006; Mas-Edwards v Ultimate Servs., Inc., 45 AD3d 540, 541). Accordingly, that branch of the appellants' motion which was pursuant to CPLR 602(a) to join the actions for trial should have been granted (see Oboku v New York City Tr. Auth., 141 AD3d 708, 709-710; Cieza v 20th Ave. Realty, Inc., 109 AD3d 506, 506-507).
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court