Earley v Salim (2025 NY Slip Op 51109(U))

[*1]

Earley v Salim

2025 NY Slip Op 51109(U)

Decided on July 16, 2025

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2025
Supreme Court, Bronx County

Jacques Earley, Plaintiff(s),

against
S M Asaduzzaman Salim AND H & S TAXI INC., Defendant(s).

Index No. 819381/23E

Plaintiff's Counsel: The Licatesi Law Group, LLP
Defendants' Counsel: Nancy L. Isserlis

Fidel E. Gomez, J.

In this action for negligence arising from the operation of a motor vehicle, defendants move seeking an order pursuant to CPLR § 602(a) joining this action with an action for subrogation venued in Civil Court, Queens County titled Geico General Insurance Company as Subrogee of Shontaj Cline V H&s Taxi Inc., et al. (Index No. 002236/24). Defendants aver that since both actions involve common questions of law and fact, joinder will serve judicial economy and avoid the prospect of inconsistent verdicts. Plaintiff opposes the instant motion asserting that since the actions involve different damages, allowing these cases to be tried to together would confuse the jury.
For the reasons that follow hereinafter, defendants' motion is granted.
The instant action is for personal injuries arising from negligence in the operation of a motor vehicle. The complaint alleges that on July 5, 2023, in front of 34-15 12 Street, Queens, NY, plaintiff was involved in an accident when a vehicle owned by defendant H & S TAXI INC. (H&S) and operated by defendant S M ASADUZZAMAN SALIM (SM) came into contact with a parked vehicle within which plaintiff was a passenger. It is alleged that plaintiff was injured and that the accident and said injuries were caused by defendants' negligence.
Standard of Review
CPLR § 602(a) gives the Court the discretion to consolidate or join actions involving common questions of fact or law (Progressive insurance Company v Vasquez, 10 AD3d 518, 519 [1st Dept 2004]; Teitelbaum v PTR Company, 6 AD3d 254, 255 [1st Dept 2004]). Indeed, whether consolidation is warranted is wholly within the motion court's discretion (Calle v 2118 Flatbush Ave. Realty, LLC, 209 AD3d 961, 963 [2d Dept 2022]; Lema v 1148 Corp., 176 AD3d 653, 654 [1st Dept 2019])
Consolidation or joinder is preferred when it eases the decision making process in a case or if it serves judicial economy (Progressive insurance Company at 519; Teitelbaum at 255). Consolidation is also appropriate when it "avoid[s] unnecessary duplication of trials, save[s] unnecessary costs and expense and prevent[s] divergent decisions based on the same facts" [*2](Sokolow, Dunaud, Mercadier & Carreras, LLP v Lacher, 299 AD2d 64, 74 [1st Dept. 2002]; Chinatown Apartments, Inc. v New York City Transit Authority, 100 AD2d 824, 825 [1st Dept 1984]). Notably, "while it is not necessary that all rules and all facts be common to both actions, there must at least be some important rules of law and some substantial issues of fact to be determined that are in common to both actions" (Gibbons v Groat, 22 AD2d 996, 996 [3d Dept 1964]). Consolidation or joinder of cases involving common questions of law or fact is appropriate unless the party opposing consolidation demonstrates that consolidation will prejudice a substantial right (Progressive insurance Company at 519; Raboy v McCrory Corp., 210 AD2d 145, 147 [1st Dept 1994]).
Consolidation, meaning when the captions in each action merge into one new caption, is inappropriate where the actions sought to be consolidated list plaintiff on both sides of the caption (Perini Corp. v WDF, Inc., 33 AD3d 605, 606-07 [2d Dept 2006] ["Although the appellants moved, inter alia, to consolidate the actions, the more appropriate method of achieving that purpose is a joint trial, particularly since the two actions involve different plaintiffs."]; Padilla v Greyhound Lines, Inc., 29 AD2d 495, 497 [1st Dept 1968] ["The caption of the consolidated action herein includes Benjamin Padilla, as Administrator of the goods, chattels and credits of Israel Mercado, as both plaintiff and defendant. This is inconsistent and improper. . . . As was well stated by Mr. Justice Matthew M. Levy 'A party, in our adversary process of simple litigation, cannot be a protagonist in the action and at one and the same time be his own personal antagonist'" [internal citations omitted]), and the actions do not contain complete identity of defendants (Longo v Fogg, 150 AD3d 724, 725 [2d Dept 2017] ["Although the plaintiff moved to consolidate the two actions, the appropriate procedure is a joint trial, particularly since each action contains a defendant not present in the other."]).
When actions venued in different counties are joined or consolidated, the actions must be transferred to the county where the earliest action was filed (Harrison v Harrison, 16 AD3d 206, 207 [1st Dept 2005] ["Where two actions involving identical issues are pending in separate counties, the actions should be consolidated pursuant to CPLR 602 in the county where the first action was commenced absent special circumstances. Because defendant commenced his divorce proceeding by filing a summons with notice, and he failed to file his complaint prior to plaintiff filing her summons and complaint, plaintiff's action was technically the first-filed action, and venue was properly placed in New York County"] [internal citations omitted].; Strasser v Neuringer, 137 AD2d 750, 750 [2d Dept 1988]; Mattia v. Food Emporium, 259 AD2d 527, 527 [2d Dept 1999]; Gomez v Jersey Coast Egg Producers, Inc., 186 AD2d 629, 630 [2d Dept 1992]).
In negligence actions
[e]vidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict
(Simpson v Found. Co., 201 NY 479, 490 [1911]). Stated differently, whether a defendant has obtained insurance "is irrelevant to the issues, and, since highly prejudicial, therefore, inadmissible" (Leotta v Plessinger, 8 NY2d 449, 461 [1960]; Alben v Mid-Hudson Med. Group, [*3]P.C., 31 AD3d 471, 472 [2d Dept 2006] ["In general, evidence that a party is insured is not admissible in an action based on negligence."]; Strauss v Bennett Bros. Corp., 27 AD2d 528, 528 [1st Dept 1966] ["The fact of insurance relative to the occurrence complained of by plaintiff will be prejudicial as a matter of law as to the third-party defendant-appellant."]; Rauch v Berlin, 24 AD2d 976, 976 [1st Dept 1965]). Nevertheless, the foregoing bar is not absolute. As such, the existence of insurance, namely, that defendant is insured, is only prohibited when it is irrelevant and when disclosure of the same is used to improperly influence the jury (Oltarsh v Aetna Ins. Co., 15 NY2d 111, 118 [1965] ["The argument misapprehends the import of those decisions. Our rule precluding disclosure of insurance has never been absolute. Reference to insurance is condemned only where the fact of its existence is irrelevant to the issues and where such reference is, in all likelihood, made for the purpose of improperly influencing the jury."]).

Accordingly, an application seeking to consolidate a negligence action with an action involving a dispute over insurance coverage must be denied because the dispute over coverage for the very negligence alleged would affect the jury and prejudice the defendant (Medick v Millers Livestock Mkt. Inc., 248 AD2d 864, 865 [3d Dept 1998] ["It is generally recognized that, even where common facts exist, it is prejudicial to insurers "to have the issue of insurance coverage tried before the jury that considers the underlying liability claims."]; Schorr Bros. Dev. Corp. v Cont. Ins. Co., 174 AD2d 722, 722 [2d Dept 1991] ["It has long been recognized that it is inherently prejudicial to third- party defendant insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims."]; Transamerica Ins. Co. v Tolis Inn, Inc., 129 AD2d 512, 513 [1st Dept 1987] ["The specific knowledge of the dispute over insurance coverage would of necessity temper the thinking of the jury and unduly influence their verdict."]; McDavid v Gunnigle, 50 AD2d 737, 738 [1st Dept 1975]; cf. Glob. Imports Outlet, Inc. v Signature Group, LLC, 85 AD3d 662, 663 [1st Dept 2011] ["However, this case does not involve a dispute about insurance coverage. Rather, it involves the failure to procure insurance coverage."]).
Moreover, any claims regarding insurance coverage should be severed from a negligence action (Kelly v Yannotti, 4 NY2d 603, 607 [1958] ["The questions involved in the plaintiffs' action against the defendants (the main action) would be the claimed negligence of the defendants and the amount of damages sustained. The issue in the defendant-respondent's action against the third-party defendant (the third-party action) would be whether there was coverage under the policy of insurance. At the very beginning of the trial, then, the jury would know that 'insurance' was involved in the case. The following is illustrative of the prejudice which might well be visited upon the third- party defendant as a consequence of such knowledge. The jury might be more disposed than otherwise, if it saw fit to render a verdict in favor of the plaintiffs (and especially if it chose to award a generous verdict), to resolve the question of insurance coverage against the insurance company, or, if the jury saw fit to resolve the question of insurance coverage against the insurance company, knowing then that the insurance company (and not the defendant-respondent) would be ultimately liable, it might be more disposed than otherwise to render a verdict in favor of the plaintiffs. It is not the fact of a jury trial which constitutes the basis for the claim of prejudice here, but it is the fact that the issues in both the main and third-party actions will be passed upon by the same jury."]; McGinty v Structure-Tone, 140 AD3d 465, 466 [1st Dept 2016] ["Moreover, litigating an insurance coverage claim together [*4]with the underlying liability issues is inherently prejudicial to the insurer."]; Christensen v Weeks, 15 AD3d 330, 331-332 [2d Dept 2005] ["The fact that State Farm is the plaintiff in action No. 2, as subrogee of its insureds, does not take this case outside of the general rule. As subrogee, State Farm steps into the shoes of its insureds, such that the jury hearing the case will have to determine Weeks' liability for the underlying claim that State Farm covered on its insureds' behalf. Therefore, NY Mutual will be subjected to some prejudice if the main actions and the third-party declaratory judgment actions are tried before the same jury" [internal citations omitted].; Hoffman v Kew Gardens Hills Assoc., 187 AD2d 379, 379 [1st Dept 1992] ["The severing of negligence actions from insurance coverage actions applies to brokers and agents as well as to insurance companies."]).
Similarly, contractual indemnification claims should not be tried together with an underlying negligence action (Smith v McClier Corp., 38 AD3d 322, 323 [1st Dept 2007]). The same is true where the parties seek to simultaneously try an action for negligence and for the failure to pay no-fault insurance payments (Krieger v Ins. Co. of N. Am., 66 AD2d 1025, 1026 [4th Dept 1978] ["The cause of action against Grasso involves the issue of negligence. The cause of action against INA involves no-fault insurance payments. The injection of the issue of insurance in the negligence case, particularly where plaintiff is demanding damages well in excess of defendant Grasso's liability coverage, is inherently prejudicial and should be avoided."]).
Contrariwise, it is well settled that a subrogation action can be tried with and at the same time as an action for negligence (Calle at 963 [Court granted consolidation of negligence personal injury action with subrogation action holding that "contrary to the respondents' contention, the two actions involve common questions of law and fact. Assuming, arguendo, that the respondents would be prejudiced if the two actions are tried before the same jury since it would bring to the jury's attention the existence of insurance, any such prejudice is outweighed by the possibility of inconsistent verdicts if separate trials ensue"] [internal citations omitted].; Lema at 654 [Court held that consolidation of three personal injury actions and one action for subrogation did "not substantially prejudice plaintiffs."]; Nesbitt v Town of Carmel, 140 AD3d 837, 838 [2d Dept 2016] ["Under the circumstances of this case, it was procedurally proper for Shaw, a party to both actions, to file his motion to consolidate in the personal injury action, and therefore, the Supreme Court should have considered the merits of the motion. Further, under the circumstances of this case, given the common issues of law and fact, and lack of demonstrable prejudice, Shaw's motion to consolidate should have been granted."]; Hanover Ins. Group v Mezansky, 105 AD3d 1000, 1001 [2d Dept 2013]; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 856 [2d Dept 2009] ["Here, although the appellants demonstrated that they will be prejudiced if action Nos. 1 and 2 are tried before the same jury, since it will bring to the jury's attention the existence of liability insurance in action No. 1, the prejudice to the appellants is outweighed by the possibility of inconsistent verdicts if separate trials" [internal citations omitted].; Indem. Ins. Co. v Lamendola, 261 AD2d 580, 581 [2d Dept 1999] ["Following a multiple-car collision, Indemnity Insurance Company commenced a subrogation action in Nassau County to recover damages for injury to property, against, among others, the appellant and the respondent. The appellant subsequently commenced an action to recover damages for personal injuries against the respondent in New York County. Contrary to the appellant's contention, the [*5]Supreme Court acted properly in directing a joint trial of the actions and in transferring Action No. 2 to Nassau County."]; Fisher 40th & 3rd Co. v Welsbach Elec. Corp., 266 AD2d 169, 169 [1st Dept 1999] ["Order, Supreme Court, New York County (Stephen Crane, J.), entered March 1, 1999, denying plaintiffs-subrogated insurers' motion to consolidate this property damage action with personal injury actions that have already been consolidated with each other, unanimously modified, on the law, the facts, and in the exercise of discretion, the motion granted to the extent of consolidating the property damage action with the already consolidated personal injury actions, on the issue of liability only, and otherwise affirmed, without costs."]).

Discussion

Defendants' motion seeking to join this action with Geico General Insurance Company as Subrogee of Shontaj Cline V H&s Taxi Inc., et al. (Index No. 002236/24) (hereinafter "the subrogation action") is granted. Significantly, defendant establishes that these actions arise from the same event and share common questions of law and fact.
In support of the instant motion, to the extent relevant, defendants submit the complaint in the subrogation action which alleges that on July 5, 2023, at or near 34-15 12th Street, Queens, NY, a vehicle owned by Shontaj Cline (Cline), Geico General Insurance Company's (Geico) subrogor was involved in an accident with a vehicle owned by H&S and operated by SM. As a result of the accident Cline's vehicle sustained damage totaling $18,624.22. Additionally, Cline sustained $390 in damages representing loss of use.
Based on the foregoing, the instant motion is granted. 
As noted above, consolidation or joinder is warranted when the actions at issue involve common questions of fact or law (Progressive insurance Company at 519; Teitelbaum at 255) and whether consolidation is warranted is wholly within the motion court's discretion (Calle at 963; Lema at 654). Consolidation or joinder of cases involving common questions of law or fact is appropriate unless the party opposing consolidation demonstrates that consolidation will prejudice a substantial right (Progressive insurance Company at 519; Raboy at 147). While generally evidence that a defendant is insured is generally inadmissible at trial as it is highly prejudicial (Leotta at 461; Simpson at 490; Alben at 472; Strauss at 528; Rauch at 976), such proscription is not absolute and only applicable when the existence of insurance, namely that defendant is insured, is irrelevant and when disclosure of the same is used to improperly influence the jury (Oltarsh at 118)
Accordingly, applications seeking to consolidate a negligence action with an action involving a dispute over insurance coverage must be denied because the dispute over coverage for the very negligence alleged would affect the jury and prejudice the defendant (Medick at 865; Schorr Bros. Dev. Corp. at 722; ; Transamerica Ins. Co. at 513; McDavid at 738; cf. Glob. Imports Outlet, Inc. at 663). Similarly, claims regarding insurance coverage should be severed from a negligence action (Kelly at 607; McGinty at 466; Christensen at 331-332; Hoffman at 379) as should claims for contractual indemnification (Smith at 323), or the payment of no-fault insurance payments (Krieger at 1026).
With respect to trying a negligence claim concomitantly with a subrogation claim, provided the actions share commons questions of law and fact, consolidation is warranted (Calle at 963; Lema at 654; Nesbitt at 838; Hanover Ins. Group at 1001; Pierre-Louis at 856; Indem. Ins. Co. at 581; Fisher 40th & 3rd Co. at 169).
Here, the instant action and the subrogation action arise from the same accident on July 5, 2023, involve the same vehicles, and the same defendants. As such, there exists substantial identity of facts.
Moreover, before a defendant can be held liable for negligence, it must be shown that the defendant owed a duty to the plaintiff (Pulka v Edelman, 40 NY2d 781, 782 [1976]). In fact liability in a negligence action is dependent on proof that defendant owed a duty to plaintiff, that defendant breached that duty, and that as a result of the breach, plaintiff was in fact injured (Atkins v Glen Falls City School District, 53 NY2d 333 [1981]). Assuming a duty is owed, said duty is breached when defendant fails to "do what a reasonable and prudent man would have done or would have omitted to do in the exercise of ordinary care under all circumstances" (Sadowski v Long Island Railroad Company, 292 NY 448, 454 [1944]). In an action stemming from a motor vehicle accident, a plaintiff who demonstrates that the accident was proximately caused by any negligent conduct on the part of the operator of the motor vehicle establishes prima facie showing entitlement to summary judgment as a matter of law (Howell v RS Cab Corp., 63 AD3d 1002, 1002[2d Dept 2009]).
Similarly, it is well settled that "[s]ubrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (Kaf-Kaf, Inc. v Rodless Decorations, Inc., 90 NY2d 654, 660 [1997]; Antonitti v City of Glen Cove, 266 AD2d 487, 489 [2d Dept 1999] ["We note, however, that an insurer, on paying a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss."]).
Thus, here, where plaintiffs in both actions have the same claims of negligence and injuries arising therefrom, they also have the same legal burden, namely to demonstrate defendants' negligence and that the same proximately caused the accident and the injuries claimed in each action. Accordingly, here, the actions share common questions of law. 
While plaintiff in this action avers that consolidation is never granted under these circumstances, the case law belies such a claim, and this is true in several Departments, including the First (Lema at 654; Fisher 40th & 3rd Co. at 169). Moreover, to the extent that plaintiff contends that consolidation of these actions would be prejudicial, the scant opposition he submits fails to explain why. Again, the issues to be tried in both actions are identical and while the jury would be made aware that Cline has insurance, which paid for the damage to her vehicle, the jury would never have to be apprised that defendants in this action have insurance, which, as noted above, is prohibited (Leotta at 461; Simpson at 490; Alben at 472; Strauss at 528; Rauch at 976). Moreover, here, as noted by the court in Calle and Pierre-Louis noted, any prejudice caused by consolidation, which, here, has not been demonstrated, "is outweighed by the possibility of inconsistent verdicts if separate trials [and] can be mitigated by the trial court with the appropriate jury instructions" (Calle at 963; Pierre-Louis at 856). Moreover, in circumstances such as this one, it is generally a defendant who has any credible claim of prejudice, usually arising from the possibility that the jury would be told that the defendant is insured. Again not only will that not be an issue here, but defendants are the proponents of this motion and the relief sought. As such, they assume the risk of any potential prejudice. 
Lastly, the claim that joinder would cause confusion to a jury at trial rings hollow. [*6]Indeed, this action is no different from of the legion of others in our courts arising from a motor vehicle accident and involving multiple plaintiffs, each with different injuries and damages. Thus, if this Court were to conclude that joinder in this case would cause jury confusion, it would mean that no case involving multiple plaintiffs should be tried together. Again, the only difference here is that Geico is the plaintiff in the subrogation action. However, since Geico stands in the shoes of Clines its insured, the foregoing is a distinction without much difference.
Accordingly, the application is granted, and to the extent that this action was commenced prior to the subrogation action, the latter must be transferred to this Court (Harrison at 207; Strasser at 750; Mattia at 527; Gomez at 630). It is hereby
ORDERED that this action be joined with Geico General Insurance Company as Subrogee of Shontaj Cline V H&s Taxi Inc., et al. (Index No. 002236/24) for purposes of discovery and trial. It is further
ORDERED that the Clerk of the Civil Court, Queens County transfer the file in Geico General Insurance Company as Subrogee of Shontaj Cline V H&s Taxi Inc., et al. (Index No. 002236/24) to the Clerk of the Court in this Court. It is further
ORDERED that upon receipt of the file in Geico General Insurance Company as Subrogee of Shontaj Cline V H&s Taxi Inc., et al. (Index No. 002236/24), the Clerk shall consolidate the papers in these actions hereby joined and shall mark the records to reflect the joinder. It is further
ORDERED that defendants serve a copy of this Decision and Order, with Notice of Entry, upon all parties within thirty (30) days hereof.
This constitutes this Court's decision and Order.
Dated : 7/16/25
Bronx, New York
HON. FIDEL E. GOMEZ, JSC