■ SYLVESTER ROGERS, Respondent, v DONALD PARISE, Appellant.— Judgment, Supreme Court, New York County, entered June 1, 1979, awarding plaintiff $135,000 damages, together with costs and disbursements, is reversed, on the law and the facts, without costs or disbursements, and a new trial ordered, unless within 30 days after service upon plaintiff's attorney of a copy of the order hereon, with notice of entry, plaintiff serves and files in the office of the clerk of the Supreme Court, New York County, a written stipulation consenting to reduce the judgment herein to $100,000, together with costs and disbursements, and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment so amended and so reduced, is affirmed, without costs or disbursements. Plaintiff, a 61-year-old pedestrian was struck by an automobile and suffered a broken leg, i.e., a comminuted fracture of the right tibia and fibula. The leg was treated by closed reduction. The fractures have healed but the leg has been shortened approximately one inch. There is a bump at the site of the injury. Plaintiff now walks with a cane, he complains of pain when he attempts to negotiate stairs and unsteadiness. On the other hand, there is substantial evidence that plaintiff attempted to exaggerate his injuries claiming that a tremor of his hand only appeared after the accident, but a friend of his testified that plaintiff had the tremor for at least 30 or 40 years. His medical bills have been paid by defendant's insurance carrier and there was no loss of earnings, so that the compensation in this case must be for pain, suffering and physical injury. The jury found that proper compensation for plaintiff's injuries was $200,000 but found that plaintiff was 32½% contributorily negligent, and accordingly, reduced said $200,000 by 32½%, and awarded to plaintiff the sum of $135,000. Passing the question of whether $200,000 was an excessive appraisal of plaintiff's injuries, we think the determination that plaintiff was only 32½% negligent and defendant 67½% is against the weight of the evidence, and that giving to plaintiff the most generous appraisal of the evidence, we cannot allow a finding more favorable to plaintiff than 50% contributory negligence to stand. The hospital record indicates alcohol consumption by plaintiff of one pint per day, with a notation to look out for delirium tremens. He apparently spent most of his days playing cards with his friends in a barber shop. He did this on the day of his accident. At about 4:00 P.M. he had two drinks, which he said would not make him drunk. The accident occurred between 6:00 and 6:30 P.M. The accident occurred at a T intersection formed by the meeting of Boston Post Road and McOwen Street in The Bronx. McOwen Street is a two-way dead end street. Plaintiff was attempting to cross Boston Post Road. There is some doubt whether this point is a pedestrian crossing at all or whether this is only a place where vehicular traffic can turn between Boston Post Road and McOwen Street. In any event, this was not a marked crossing and not controlled by traffic lights. There was a traffic light and a controlled intersection at Ropes Avenue about 120 feet north of McOwen Street. Boston Post Road is a four-lane road running north and south with a center divider with a two and one-half foot high guard rail. Plaintiff got to the center divider, got off it and was attempting to cross the northbound section of Boston Post Road when he was struck. He had only taken four or five steps and had not completely crossed one lane of the highway when he was struck. It thus appears he was probably struck a second or so after he stepped off the divider. It is hard to see how he could not have seen that he was stepping into the path of an oncoming car that was so near as to make it difficult for the car to avoid striking him. In these

circumstances, the finding that defendant driver was more negligent than plaintiff, is against the weight of the evidence. If negligence is apportioned 50% to plaintiff and 50% to defendant, and if we do not interfere with the $200,000 total estimate of plaintiff's damage, we cannot let the verdict stand for more than $100,000. Plaintiff was and apparently still is a resident of Mt. Vernon in Westchester County. The summons dated January 27, 1977 fixes venue in New York County and states "plaintiff resides at 1919 Madison Avenue, County of New York." That address is the address of the Hospital For Joint Diseases which plaintiff had entered the day before for the purpose of having a cast removed. He was in that hospital for a total of seven days. That hospital record showed his residence as Mt. Vernon. The statement on the summons that plaintiff resided at 1919 Madison Avenue, County of New York, was an affirmative misrepresentation which plaintiff's attorney should not have made or permitted. Concur—Sullivan, Lupiano, Silverman and Carro, JJ.

Sandler, J. P., dissents in a memorandum as follows: I do not agree that the jury's apportionment of liability was against the weight of the evidence. Plaintiff, while crossing the Boston Post Road, was struck by defendant's car which was proceeding in a northerly direction. Boston Post Road is a four-lane road running north and south with a center divider. As here pertinent, there is a break in the divider at the intersection formed with McOwen Street. A critical factual issue presented to the jury was whether the plaintiff was crossing at that intersection, as he testified, or whether he had climbed over the divider at a nearby point as alleged by the defendant. From the jury verdict, it is apparent that this issue was resolved in favor of plaintiff's testimony, and it cannot be doubted that the jury was entitled to make such a determination. The Trial Judge instructed the jury, in a charge not objected to or claimed to be erroneous on this appeal, that section 41 of the New York City Traffic Regulations applied if the plaintiff was crossing at the intersection. In substance, section 41 provides with regard to a marked or unmarked crossway where traffic or pedestrian control signals are not in place that a driver of a vehicle shall yield the right of way to a pedestrian when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or approaching so closely as to be in danger. It also of course provides that no pedestrian shall suddenly leave a curb or place of safety and enter into the path of a vehicle so close that it is impractical for the driver to yield. Plaintiff testified in substance that he observed the headlights of defendant's car at a point so distant that he believed that he could cross with safety. From the circumstance that plaintiff was in fact struck by the vehicle before reaching the center line in the northbound road, a substantial basis is presented for the inference that he was negligent, as the jury indeed found. On the other hand, the defendant acknowledged that some 10 to 15 seconds before the accident he observed three teenagers coming across the southbound part of the road, dodging traffic on that part of the road, closely followed by the plaintiff. The three teenagers crossed the northbound road just before the plaintiff attempted to do so. From this significant admission by the defendant the jury could have reasonably concluded that he had been alerted to potential danger in adequate time to have avoided the accident if he had exercised appropriate care. When all of the evidence is considered in light of the defendant driver's duty to yield set forth in section 41 of the traffic regulations, I am unable to agree that the jury's judgment with regard to the respective degrees of fault was against the weight of the evidence. This, it should be noted, was also the opinion of the experienced Trial Judge, who shared with

the jury the opportunity to observe the witnesses, and who unhesitatingly denied the defendant's motion to set aside the verdict.