■ LITA SIEGEL et al., Appellants-Respondents, v JOSEPH GREENBERG, Respondent-Appellant. (Action No. 1.) LITA SIEGEL et al., Appellants, v TURETSKY AND DATLOF, M. D., P. C., et al., Respondents. (Action No. 2.) — Order,

Supreme Court, New York County (Schwartz, J.), entered on October 31, 1980, modified, on the law, the facts and in the exercise of discretion, so as to consolidate Action No. 1, pending in New York County, with Action No. 2, pending in Queens County, and remove the venue to Supreme Court, Nassau County, and said order is otherwise affirmed, without costs and without disbursements. The appeal and cross appeal from the order of said court, entered on June 25, 1980, is dismissed as having been subsumed in the appeal and cross appeal from the order entered on October 31, 1980. These are two medical malpractice actions commenced against "diet doctors" alleging that their actions caused the plaintiff wife to become addicted to amphetamines and amphetamine-type drugs. As a result of these treatments, the plaintiff wife is alleged to have suffered drug-induced liver damage. The action against Doctors Turetsky and Datlof (Action No. 2) was commenced in September, 1978. Queens County was selected as the place for trial of this action based on the residence of the defendant doctors. Some eight months thereafter, the plaintiffs instituted an action against Doctor Greenberg (Action No. 1). Venue was laid in New York County, presumably grounded on defendant's residence on West 57th Street. Thereafter, the plaintiffs moved to consolidate these actions and sought to have both tried in New York County. Special Term denied the motion, finding that no common question of law or fact exists and, upon renewal, the court adhered to its prior determination. A majority of this court concludes otherwise. Both actions seek damages for medical malpractice in which it is alleged the plaintiff wife became addicted to a particular drug. One common denominator, which winds its way through these actions, is whether the defendant doctors were negligent in prescribing or continuing the plaintiff wife on these substances. We do know that the wife suffered some damage; we do not know whether these injuries resulted from the conduct of the defendants. Indeed, these and similar questions can only be answered by extensive medical testimony. One of the aims of a consolidated trial is to eliminate, as much as possible, unnecessary duplication. Such a result will be obtained here by having the required medical experts testify at one trial, rather than having these experts travel from county to county. In addition, a very real possibility exists that, if separate trials are held, the respective juries might return inconsistent verdicts. To eliminate this potential, consolidation is appropriate. In ordering consolidation, the designated venue for one cause of action must be ignored. However, here defendant Greenberg did not make a formal demand for a change of venue (CPLR 511). Rather, this defendant's reaction to the motion for consolidation was to cross-move for a change of venue to either Nassau or Suffolk County. Since he failed to comply with the statutory requirements, this cross motion was, therefore, addressed to the discretion of the court (see, e.g., *Reichenbach v Corn Exch. Bank Trust Co.*, 249 App Div 539). Under the facts of this case, Special Term abused its discretion in not granting the motion to change venue. The sole basis for the New York County venue for Action No. 1 was the fact that Dr. Greenberg maintained an office for the practice of medicine in this county. However, the more appropriate county in which these actions should be tried is Nassau County. The plaintiffs both reside in Suffolk County. All examinations and treatments of the plaintiff wife occurred in Nassau County. Concur — Sandler, Ross and Markewich, JJ.

Birns, J. P., and Fein, J., dissent in a memorandum by Fein, J., as follows: The order of Justice Schwartz should be affirmed in all respects, as one being made in the proper exercise of discretion. On September 22, 1978, plaintiffs instituted a malpractice action against Drs. Turetsky and Datlof in Queens County. It was alleged, in substance, that defendants' malpractice consisted of the treatment of plaintiff wife's obesity from January through July of 1976, that as a result she had become hopelessly addicted to amphetamines and

suffered physical disability including liver ailments. Venue was selected on the basis of defendants' Queens address. Eight months later, in May, 1979, plaintiffs instituted an action for malpractice against Dr. Joseph Greenberg in New York County, alleging that by reason of the doctor's malpractice between January, 1977 and June, 1978, the doctor had failed to withdraw plaintiff wife from her amphetamine addiction and continued a course of treatment which resulted in physical disabilities similar to those alleged in the prior action against Drs. Turetsky and Datlof. The action against Dr. Greenberg was instituted in New York County, premised upon the fact that Dr. Greenberg maintained an office for the practice of medicine in New York County. Plaintiffs both reside in Suffolk County. Plaintiffs' motion in New York County to remove the action against Drs. Turetsky and Datlof from Queens County and to consolidate it with Action No. 1, pending in New York County, was denied by Special Term upon the ground that there were no common questions of law and fact. Dr. Greenberg opposed the motion upon the ground that the issue of whether his treatment constituted malpractice was dependent upon the facts subsequent and unrelated to the prior treatment of Drs. Turetsky and Datlof, and that it would be prejudicial to him to require both actions to be tried together. Dr. Greenberg also cross-moved to change the venue of the action against him from New York County to either Nassau County (the place of his residence and office and where he treated the plaintiff) or Suffolk County (plaintiffs' residence). The cross motion was denied upon the ground that Greenberg had failed to serve the requisite demand for a change of venue, where such change is sought on the ground that the county designated for trial is not a proper county. CPLR 511 (subd [a]) requires that such a demand be served with or before the answer. Only within 15 days after service of such a demand may a motion then be made for change of venue on this ground (CPLR 511, subd [b]). Plaintiffs' motion for leave to renew and defendant Greenberg's cross motion to renew were both granted, and, upon renewal, the court adhered to its original determination. A motion to consolidate and a motion for change of venue made in the absence of a timely demand are both addressed to the discretion of the court. There was no abuse of discretion. There are no common issues of fact or law in the actions against the respective doctors. The malpractice, if any, of Drs. Turetsky and Datlof preceded the alleged malpractice of Dr. Greenberg. It is palpable that plaintiff recognized this by instituting two separate actions. No reason has been suggested why all three doctors were not joined as defendants in one action if the plaintiffs indeed proceeded on the basis that there were common questions of law and fact. Defendants suggest that plaintiffs' purpose was forum shopping. Other than the attorney's affidavit, there is no medical or other evidence that the two actions for alleged malpractice are related factually or legally. There must be at least some important rules of law and some substantial issues of fact to be determined that are common to both actions before consolidation is granted (*Gibbons v Groat*, 22 AD2d 996; CPLR 601, 602). A plain identity between the issues involved should exist (see *Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157). We have held that a motion to consolidate is directed to the sound discretion of the court, with wide latitude in its exercise (*Inspiration Enterprises v Inland Credit Corp.*, 54 AD2d 839). It is notable that plaintiff wife alleges that she was first treated from January through July, 1976 by Drs. Turetsky and Datlof, which included the prescribing of amphetamines. She did not come for treatment to Dr. Greenberg until January, 1977, after terminating visits to Drs. Turetsky and Datlof. She was treated by Dr. Greenberg thereafter through June, 1978. Although it is alleged by plaintiffs that Dr. Greenberg prescribed "amphetamines and amphetamine-type drugs" to the plaintiff wife, this is sharply denied by him. It is

not otherwise disputed by plaintiffs that Dr. Greenberg's treatment was different and distinct from the treatment rendered by the prior physicians. Dr. Greenberg's treatment was for obesity, not diagnosis or care of conditions allegedly created or aggravated by the other doctors. Thus, the case is distinguishable from *Weiss v City of New York* (27 AD2d 709, 710) involving an alleged "continuing * * * negligently induced abnormality". Thus, the courses of treatment were unrelated and distinct in time and character. The denial of plaintiffs' motion to consolidate was a proper exercise of discretion on the part of Special Term, as was the denial of plaintiffs' application to transfer the action against Drs. Turetsky and Datlof from Queens County to New York County. Under the circumstances of this case, it is plain that if there is to be consolidation, as the majority now rules, it should not be in New York County. The action against Drs. Turetsky and Datlof (the first action) was begun in Queens County. All treatment rendered by Dr. Greenberg was in Nassau County. The sole basis for bringing the second action in New York County was the fact that Dr. Greenberg maintained an office in New York County, although all treatment rendered by him was in Nassau County. However, the removal of the action against Dr. Greenberg to Nassau County, as he now requests, is not a matter of right, by reason of his failure to serve the demand and make the timely motion required by CPLR 511. His current application is addressed to the discretion of the court, coupled with his opposition to consolidation. There has been no showing that Special Term abused its discretion by denying the application. Accordingly, the order appealed from should be affirmed.