■ BRUCE GELBARD et al., Respondents, v NORTHFIELD SAVINGS BANK, Appellant. [627 NYS2d 454] —In an action to recover damages, *inter alia,* for negligence and breach of contract, the defendant appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated December 9, 1993, which (1) denied its motion to strike the summons and complaint on the ground that they were not properly filed and served, and (2) granted the plaintiffs' cross motion for, among other things, an order finding that the action had been timely commenced.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiffs' cross motion, and substituting therefor a provision denying the cross motion; as so modified the order is affirmed, with costs to the respondents.

On October 25, 1993, the plaintiff filed a summons and complaint in the office of the Clerk of Richmond County *(see,* CPLR 304, as amended by L 1992, ch 216; *Enos v City of Rochester,* 206 AD2d 159). Ten days later, on November 4, 1993, prior to serving an answer, the defendant moved to "strik[e] the summons and complaint" on the basis that the summons and complaint had been served before, rather than after, they had been filed. The plaintiffs responded by cross-moving for an order, *inter alia,* "finding the * * * action [to be] timely commenced". The Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion. This appeal followed. The appellant concedes that the "plaintiffs, on January 21, 1994, served the summons and complaint again so that the action may be deemed to have commenced on October 25, 1993".

The defendant's motion, to the extent that it can be characterized as one to dismiss the plaintiff's action based on improper service *(see,* CPLR 3211 [a] [8]), was premature. The plaintiff had the absolute statutory right to effect valid service at any point within the first 120 days following the filing of the summons and complaint on October 25, 1993 *(see,* CPLR 306-b

[a]). To have imposed the sanction of outright dismissal based solely on the plaintiff's failure to effect proper service at any point in time prior to the 120th day following October 25, 1993, would have been to infringe upon this right, and would have had no practical effect other than to require the plaintiff to file the summons and complaint a second time (see, CPLR 306-b [b]). Therefore, the defendant's motion, to the extent that it sought outright dismissal of the plaintiff's action based on allegedly invalid service, and to the extent that it sought this relief within the initial 120-day post-filing period, was properly denied.

The plaintiff's cross motion, in effect, to declare the action "timely commenced" should have been denied as unnecessary. This is so because the defendant's pre-answer motion was not based on any potential Statute of Limitations defense (see, CPLR 3211 [a] [5]) and no such defense had yet been pleaded. We need not express any opinion as to the merits of such a defense (see generally, Baratta v Kozlowski, 94 AD2d 454; Katz v Karr, 192 AD2d 695). Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.