■ RALPH RINK et al., Appellants, v MICHAEL L. FULGENZI, Doing Business as MFJ ENTERPRISES, Respondent. [647 NYS2d 292] —In a mortgage foreclosure action, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), dated January 22, 1996, which granted the defendant's motion to dismiss the complaint based on lack of personal jurisdiction and denied the plaintiffs' cross motion, *inter alia,* for an order directing service upon the defendant pursuant to CPLR 308 (5).

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant's motion to dismiss the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the appellants, and the appellants' time to effect valid service of the summons on the defendant is extended until 35 days after service upon them of a copy of this decision and order with notice of entry.

The Supreme Court correctly found that the defendant was not properly served. The court, however, in dismissing the action for failure of proper service did not take into account the provisions of CPLR 306-b. Inasmuch as the defendant's motion to dismiss the action based on lack of jurisdiction was made within the 120-day period in which the plaintiffs had to effect and file proof of service upon the defendant *(see,* CPLR 306-b [b]), and the plaintiffs "had the absolute statutory right to effect valid service at any point within" that 120-day period, the court should not have dismissed the action *(Gelbard v Northfield Sav. Bank,* 216 AD2d 267). Had the court not dismissed the action, the plaintiffs would have had 35 days from the date of the court's order until the expiration of their 120-day period in which to effect valid service. Since the plaintiffs were deprived of this period, we conclude that the plaintiffs should have 35 days from service upon them of a copy of this decision and order with notice of entry to effect valid service of the summons upon the defendant.

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.