■ ALJENIS PENA, an Infant, by Her Mother and Natural Guardian, LUCILE PENA, et al., Appellants, v CLASSIC REALTY MANAGEMENT CORP. et al., Respondents, et al., Defendants. [669 NYS2d 204] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 24, 1997, which, insofar as appealed from, granted defendants' motion to change venue from Bronx County to New York County, and denied plaintiffs' cross motion to amend their summons so as to reflect that the basis of their choice of Bronx County as venue is the residence of certain of the defendants, and to retain venue in Bronx County, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 30, 1997, which denied plaintiffs' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiffs forfeited their right to select venue by having stated in their summons and complaint that they are residents of Bronx County when in fact they are residents of New York County (*see, Papadakis v Command Bus Co.*, 91 AD2d 657; *cf., Rogers v Parise*, 75 AD2d 513, 514). Accordingly, their cross motion to amend the summons so as to reflect a right to a Bronx County venue was properly denied. We have considered plaintiffs' argument that venue should be retained in Bronx County as a matter of discretion, and find it to be without merit. Plaintiffs' subsequent motion, denominated as one to "renew and reargue", was actually one only to reargue, and we accordingly dismiss the appeal from the order denying it (*see, Avildsen v Prystay*, 243 AD2d 352). Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.