■ JULIE JETTON HARRISON, Appellant, v WALTER F. HARRISON, III, Respondent. [793 NYS2d 5]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered on or about March 17, 2004, which denied plaintiff's motion to restrain defendant from proceeding with

his divorce action in Warren County and to consolidate the Warren County action with this action, and which granted defendant's cross motion to dismiss plaintiff's motion in light of a prior motion for consolidation of the two actions in Warren County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted and defendant's cross motion denied.

On October 10, 2003 defendant filed a summons with notice for divorce in Supreme Court, Warren County. Plaintiff was served on October 24, 2003. On October 17, 2003, plaintiff filed a summons and complaint, also for divorce, in Supreme Court, New York County. Defendant was served with the New York County papers on October 20, 2003, and on November 5, 2003 he filed his answer.

On November 26, 2003, defendant moved for a default judgment in the divorce action in Warren County. Defendant filed his complaint, for the first time, with his motion. Plaintiff denied receiving service, and the motion was denied by the Warren County Court, which stated: "Since this action was commenced on October 3, 2003, it would seem that the action commenced in New York County on October 17, 2003 by [plaintiff] should either be dismissed by that Court and/or removed to this Court." Defendant then moved in Warren County to dismiss the New York County action and/or consolidate it with the action pending in Warren County. Plaintiff made a similar motion in New York County, additionally seeking an order restraining defendant from taking further action in Warren County. Defendant opposed and cross-moved for consolidation of the actions with venue placed in Warren County. In the order appealed, the motion court denied plaintiff's motion and granted defendant's cross motion. We reverse.

Where two actions involving identical issues are pending in separate counties, the actions should be consolidated pursuant to CPLR 602 in the county where the first action was commenced absent special circumstances (*Mattia v Food Emporium*, 259 AD2d 527 [1999]). Because defendant commenced his divorce proceeding by filing a summons with notice, and he failed to file his complaint prior to plaintiff filing her summons and complaint, plaintiff's action was technically the first-filed action, and venue was properly placed in New York County (*Graev v Graev*, 219 AD2d 535 [1995]).

Even if plaintiff's action did not have temporal priority, special circumstances, including the presence of evidence and the convenience of witnesses, warrant placing venue in New York County (*see Gomez v Jersey Coast Egg Producers*, 186 AD2d 629

[1992]; *Strasser v Neuringer*, 137 AD2d 750 [1988]). The marital residence is in New York County, and the parties spent most of their time in New York County during their marriage. While defendant lived in Warren County for some of his childhood and still owns property and has other connections to the area, he listed his own New York City apartment as his residence on his 2000 and 2001 tax returns. Defendant's main income-producing enterprise is in New York County, and most of the nonparty witnesses are located in New York County as well as their books and records. Accordingly, it was an improvident exercise of the court's discretion to have placed venue in Warren County. Not only was plaintiff's action commenced first in New York County, but the totality of the evidence also supports removal to this jurisdiction.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sullivan, Nardelli and Gonzalez, JJ.