■ BANK OF NEW YORK MELLON, Respondent, v JOHN SCURA, Appellant, et al., Defendants. [961 NYS2d 185]—

In an action to foreclose a mortgage, the defendant John Scura appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 13, 2011, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action on April 15, 2011, by filing a summons and complaint in the office of the Nassau County Clerk. According to the process server's affidavit of service, the appellant was served with a copy of the summons and complaint at his home, the mortgaged premises, on April 26, 2011, by delivery of a copy of the summons and complaint to Elaine Scura, referred to as a relative, and by the subsequent mailing

of a copy of the summons and complaint to the same address, all pursuant to CPLR 308 (2). In late May 2011, the appellant moved to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction. The Supreme Court denied the motion without a hearing.

The process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015 [2011]; *Simonds v Grobman*, 277 AD2d 369 [2000]). While the appellant's affidavit in support of his motion contained a denial of service, the appellant failed to swear to "specific facts to rebut the statements" in the process server's affidavit (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). As such, no hearing was necessary to determine whether the appellant was properly served (*see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763 [2012]; *Associates First Capital Corp. v Wiggins*, 75 AD3d 614, 615 [2010]). In any event, the appellant's motion was premature as it was made within the initial 120-day period provided for service in CPLR 306-b (*see Rink v Fulgenzi*, 231 AD2d 562 [1996]). Since the plaintiff had the absolute statutory right to effect valid service at any point within the 120-day period following the filing of the summons and complaint, dismissal of the complaint prior to the expiration of that period would have been improper (*see Gelbard v Northfield Sav. Bank*, 216 AD2d 267, 267-268 [1995]).

The appellant's remaining contentions either are without merit or refer to matter dehors the record. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.