Matter of Oct. 31, 2017 Terrorist Attack/Lower Manhattan Litig. (2021 NY Slip Op 03375)





Matter of Oct. 31, 2017 Terrorist Attack/Lower Manhattan Litig.


2021 NY Slip Op 03375


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 160013/18 Appeal No. 13925 Case No. 2020-02967 

[*1]In the Matter of October 31, 2017 Terrorist Attack/Lower Manhattan Litigation, Louis Grandelli, as Administrator of the Estate of Ariel Erlij, Deceased, et al., Plaintiffs, City of New York, et al., Defendants, Hudson River Park Trust, et al., Defendants-Respondents, Leesel Transportation Corp., Defendant-Appellant.


Koster, Brady & Nagler LLP, New York (William H. Gagas of counsel), for appellant.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success (Jonathan P. Shaub of counsel), for Hudson River Park Trust, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for Home Depot U.S.A., Inc., respondent.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered October 7, 2019, amending and replacing order, same court and Justice, entered September 25, 2019, which, to the extent appealed from, granted defendants Home Depot U.S.A., Inc. and Hudson River Park Trust's motions to consolidate the action entitled KL, an infant by her mother and natural guardian, Yan Zhuang and Yan Zhuang, individually v The City of New York, et al. (Sup Ct, NY County, index No. 160040/2018 [the KL action]) with 17 other actions, unanimously affirmed, without costs.
Defendant Leesel Transportation Corp. is named as a defendant in only one of the 18 actions (the KL action) arising from a terrorist incident on October 31, 2017, in which Sayfullo Saipov drove a truck rented from Home Depot into a crowd of pedestrians and bicyclists along the West Street/Route 9A bicycle path in lower Manhattan and then collided with a school bus owned and operated by Leesel, injuring the driver and passengers.
Great deference is accorded a motion court's discretion in granting consolidation pursuant to CPLR 602(a); where there are common questions of law and fact, there is a preference for consolidation in the interest of judicial economy unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right (see Kukielka v Santana, 191 AD3d 532 [1st Dept 2021]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]; Matter of Progressive Ins. Co. [Vasquez-Countrywide Ins. Co.], 10 AD3d 518 [1st Dept 2004]). Leesel failed to demonstrate that consolidation of the KL action with the other 17 actions arising from this single incident will prejudice a substantial right. While, as it points out, the claims against it are separate and distinct from the claims of the plaintiffs injured on the bike path, there are numerous common issues of fact and law regarding the conduct of Saipov and whether the City, Hudson River Park Trust, and/or Home Depot were negligent, and discovery and trial will involve overlapping fact and expert witnesses, documentary evidence, and legal issues. Indeed, Leesel has asserted cross claims against the City, Hudson River Park Trust, and Home Depot, defendants named in the other actions, that make the conduct of those defendants relevant to the action against Leesel.
Contrary to Leesel's contention, consolidation will streamline discovery in all of the actions, which are at the same procedural stage, and avoid duplication. Leesel is not compelled to attend depositions or engage in discovery regarding matters that are not relevant to the KL action. Any issue concerning jury confusion may be addressed by appropriate instructions, and at a future date the court may elect to bifurcate or serve the action for trial, as noted by the motion court.
We have considered Leesel's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: May 27, 2021