FBF Seatuck LLC v Island Corporate Servs., LLC (2024 NY Slip Op 51670(U))

[*1]

FBF Seatuck LLC v Island Corporate Servs., LLC

2024 NY Slip Op 51670(U)

Decided on December 2, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2024
Supreme Court, New York County

FBF Seatuck LLC, Plaintiff,

against
Island Corporate Services, LLC D/B/A COLDWELL BANKER COMMERCIAL ISLAND CORPORATE SERVICES D/B/A NAI LONG ISLAND, Defendant.

Index No. 652496/2024

Brendan M. Fredette, Esq., New York, NY, for plaintiff. 
Scheyer & Stern, LLC, Nesconset, NY (Frederick P. Stern of counsel), for defendant.

Gerald Lebovits, J.

This action, brought by plaintiff, FBF Seatuck LLC, against defendant, Island Corporate Services, LLC, arises from a dispute over commissions on sales of a property located in East Moriches, New York. ICS moves to dismiss the action, or, in the alternative, to consolidate this action with a parallel action between the parties pending in Supreme Court, Suffolk County. The branch of the motion seeking dismissal is denied; the branch of the motion seeking to consolidate is granted to the extent of joining the two actions for trial. The place of the joint trial shall be Suffolk County.
BACKGROUND
In 2019, ICS entered into a brokerage agreement with nonparty Spadaro Trust. (NYSCEF No. 4 at ¶ 7 [complaint].) Under that agreement, ICS would represent the trust should it sell its East Moriches property, in exchange for a commission that would come due upon the closing of a sale of the property. (Id.)
In 2020, the Spadaro Trust and FBF's affiliate, Fredette Building & Farmland LLC (Farmland), entered into an agreement under which the trust sold Farmland an option to buy the [*2]property. (Id. at ¶ 8.) The option was extended through January 2023. (Id. at ¶ 9.)
At the end of January 2023, FBF and ICS entered into their own brokerage agreement regarding the East Moriches property. (See NYSCEF No. 4 at ¶¶ 10-11; NYSCEF No. 5 [agreement].) The FBF-ICS agreement recites that FBF, as an affiliate of Farmland, intended to exercise Farmland's purchase option (see NYSCEF No. 5 at 1); and that ICS had presented FBF with a prospective purchaser for the property once the option was exercised (see id.). The agreement provides that FBF would pay ICS four percent of the gross sales price in commissions to ICS should plaintiff and defendant's prospective buyer close on the property. (NYSCEF No. 5 at ¶ 4.) The agreement further provides that the commission will be "full compensation . . . with regard to the Property, including the . . . Option, and upon payment, it will release any rights to further compensation with regard to the Property." (Id.)
In February 2023, Farmland exercised its option to purchase the East Moriches property from the Spadaro Trust. The Spadaro Trust did not, however, pay ICS the commission provided for under the ICS/Spadaro brokerage agreement ($132,000). On May 5, 2023, FBF entered into a sales contract for the property with the prospective purchaser presented to it by ICS (nonparty Rest In Peace, Inc.). (NYSCEF No. 4 at ¶ 14.) Under the terms of the FBF-ICS brokerage agreement and the FBF-Rest In Peace sales contract, ICS's commission was $180,000. (Id.)
On May 17, 2023, ICS sued the trustees of the Spadaro Trust in Supreme Court, Suffolk County, for its commission. (Island Corporate Servs. v Spadaro, Index No. 612623/2023 [Spadaro action].) ICS prevailed in that action. Suffolk Supreme entered judgment for ICS in November 2023. (See NYSCEF No. 12 [judgment].)
In April 2024, ICS served a post-judgment enforcement subpoena on Brendan M. Fredette, Esq., as agent for Farmland and FBF. (NYSCEF No. 15.) Fredette responded that FBF held assets belonging to the Spadaro Trust. (NYSCEF No. 16.) On May 15, 2024, ICS brought a special proceeding against FBF in Supreme Court, Suffolk County, seeking turnover of those assets. (See Island Corporate Servs., LLC v FBF Seatuck, LLC, Index No. 612071/2024.)
Also on May 15, 2024, FBF commenced this action by summons with notice. (See NYSCEF No. 1.) The summons alleges that ICS, by asserting its right to receive commissions both on the Spadaro Trust-Farmland and FBF-Rest In Peace sales of the East Moriches property, had breached the FBF-ICS agreement. (Id. at ¶¶ 5-7.) The summons asserts claims to damages for that breach and to a declaration that ICS must release its claim to the commission from the Spadaro Trust in order to be entitled to a commission from FBF.
The next day, May 16, 2024, FBF closed on the sale of the East Moriches property to Rest In Peace. (NYSCEF No. 14 at ¶ 22.) FBF refused to release the commission ($180,000) to ICS, however, absent a release by ICS of its right to the Spadaro commission. (See NYSCEF No. 4 at ¶¶ 22-23.) On May 17, 2024, ICS sued FBF for breach of contract in Supreme Court, Suffolk County, seeking the $180,000 commission. (See Island Corporate Servs., LLC v FBF Seatuck, LLC, Index No. 612254/2024.) In June 2024, following a demand for the complaint by ICS, FBF filed its complaint in this action, asserting claims for declaratory relief and breach of contract. (See NYSCEF No. 4 at 6-9.)
In July 2024, ICS brought the current motion. ICS seeks dismissal of the action for lack of personal jurisdiction and as barred by claim preclusion (based on the entry of judgment in the Spadaro action). Alternatively, ICS seeks to consolidate this action with its Suffolk Supreme breach-of-contract action (Index No. 612254/2024).
In August 2024, during briefing on the current motion, Suffolk Supreme granted ICS [*3]summary judgment in the turnover proceeding and ordered FBF to turn over to ICS the amount required to satisfy the Spadaro judgment. (See NYSCEF No. 24 [reproducing turnover order].)
FBF claims that ICS's initiation of the Spadaro action and its failure to subsequently waive its rights to the Spadaro judgment constitute a breach of the FBF-ICS agreement. Accordingly, FBF filed the summons for this action on May 15, 2024, and its complaint on June 27, 2024. ICS filed a summons and complaint in Suffolk County on May 17, 2024, seeking the $180,000 commission. (See Island Corporate Servs., LLC v FBF Seatuck, LLC, Index No. 612254/2024.)
The branch of ICS's motion seeking to dismiss the action is denied. The branch of ICS's motion to consolidate and to transfer the action to Suffolk County is granted to the extent of joining the two actions for trial in Suffolk County.
I. The Branch of ICS's Motion Seeking Dismissal
ICS first moves to dismiss under CPLR 3211 (a) (8) for lack of personal jurisdiction due to improper service.[FN1]
ICS contends that FBF's attempted service under CPLR 311-a was invalid because FBF served an office manager who had no authority to accept service on ICS's behalf. (NYSCEF No. 10 at 1-2.) Regardless of the merits of this contention, after ICS moved to dismiss, FBF re-served ICS through the Secretary of State under Limited Liability Company Law § 303—within 120 days of bringing this action. (See CPLR 306-b; NYSCEF No. 22 [affidavit of service].) ICS does not dispute that this second service attempt was valid. Accordingly, the branch of the motion to dismiss the action for lack of personal jurisdiction is denied as academic. (See Rink v Fulgenzi, 231 AD2d 562, 562 [2d Dept 1996] [vacating dismissal based on improper service because the 120-day period to effect service had not expired at the time of dismissal].)
ICS also moves, in substance, to dismiss this action under CPLR 3211 (a) (5) as barred by claim and issue preclusion. According to ICS, dismissal is required because FBF "seeks to have this Court determine whether ICS has a right to the Spadaro Commission — the very subject of the action which terminated in the Spadaro Judgment." (NYSCEF No. 11 at 7.) This aspect of ICS's request for dismissal is denied as well.
As an initial matter, to the extent ICS is contending that FBF's action should be dismissed as an impermissible collateral attack on the Spadaro judgment (see id. at ¶¶ 16, 21-23), this court disagrees. FBF's claims in this action do not call for a ruling by this court that ICS was not entitled to a commission on the Spadaro Trust-Farmland sale of the property, or that Suffolk Supreme erred in granting judgment to ICS in its contract action for that commission. Rather, FBF's claim is that ICS cannot both obtain the full amount of that commission and also the full amount of a further commission from FBF for the FBF-Rest In Peace sale of the property. Whatever the merits of that claim—a matter on which this court takes no position here—it does [*4]not entail a conclusion that the Spadaro judgment is invalid, as ICS suggests.
This court is also not persuaded by ICS's argument that FBF's claims are barred by claim preclusion given judgment in the Spadaro action. FBF was not a party to the Spadaro action and was not in privity with the Spadaro parties. Absent identity of parties, no basis exists to apply either preclusion doctrine. (See Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628-629 [2d Dept 2021].) ICS argues that preclusion is warranted because FBF was aware of the Spadaro action when it was pending and did not attempt to intervene. (NYSCEF No. 11 at ¶ 12.) But a party's awareness of an action between other litigants, or even the party's sharing interests with one of the litigants to that action, is not enough. Absent direct participation in an action or privity, the party to be bound must have effectively controlled the conduct of that action by the losing litigant, or had a relationship with the losing litigant such that the party's interests were represented by that litigant. (See RevPoint Media, LLC v Plural Marketing Solutions, Inc., 2023 NY Slip Op 51101[U], at *5 [Sup Ct, NY County 2023] [collecting examples of this type of representational relationship].) ICS has not shown that any of these connections exist between FBF and the Spadaro parties.[FN2]
The branch of ICS's motion seeking dismissal under CPLR 3211 (a) (5) is denied.
II. The Branch of ICS's Motion Seeking Consolidation and Transfer
ICS seeks in the alternative to consolidate this action with the one pending between the parties in Suffolk Supreme (Index No. 612254/2024). CPLR 602 authorizes the court to consolidate actions "involving a common question of law or fact." Both this action and the action pending in Suffolk County concern ICS's entitlement to the $180,000 commission under the FBF-ICS agreement. For this reason, the court concludes that the actions should be heard and decided together. Consolidation, however, is unwarranted, because it would "result[] in a party being both plaintiff and defendant" in the consolidated action. (See Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 335 [1st Dept 2005].) The two actions should therefore be joined for trial, rather than consolidated.
The question thus becomes the appropriate place of the joint trial of the two actions. FBF argues that the proper venue is New York County, because (i) that is where it, as plaintiff, chose to bring this action; (ii) ICS is merely trying to "circumvent" its obligations under the FBF-ICS agreement; (iii) FBF is a New York County resident; (iv) the closing between FBF and the nonparty occurred in New York County; and (v) the commission is being held in New York County. (NYSCEF No. 25 at ¶¶ 12, 20.) ICS contends that for purposes of this action, FBF resides in Suffolk County—the office location originally designated by its articles of organization—or in Albany County, the currently designated office location. (NYSCEF No. 26 at ¶¶ 8-9 [reply memorandum].) ICS further argues that (i) "most of the necessary witnesses and the real estate that is the subject of the transaction at issue all reside and/or are located within Suffolk County" (id. at ¶ 10) and (ii) the complaint in the Suffolk action was filed before the complaint in this action and therefore the Suffolk County action was commenced first (id. at [*5]¶ 14).[FN3]

CPLR 503 (a) requires that "the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff." A limited liability company's only residence "for venue purposes is the county where its principal office is located as designated in its articles of organization." (Guerrero v BRE Park Ave. Tower Owner, LLC, 176 AD3d 1035, 1036 [2d Dept 2019].) Moreover, "[w]here two actions involving identical issues are pending in separate counties, the actions should be consolidated pursuant to CPLR 602 in the county where the first action was commenced absent special circumstances." (Harrison v Harrison, 16 AD3d 206, 207 [1st Dept 2005].)
The court concludes that Suffolk County is the proper place of trial here. FBF—a limited liability company—has had its office in Albany County since 2022. (NYSCEF No. 27 at 6.) It therefore resides in Albany County. It is also undisputed that ICS resides in Islandia, New York, which is in Suffolk County. (NYSCEF No. 4 at ¶ 3 [complaint].) Additionally, FBF provides no evidence to suggest that the closing occurred in New York or that ICS is trying to avoid its obligations under the FBF-ICS agreement.[FN4]
And although the commission itself is assertedly being held in New York County,[FN5]
the Spadaro judgment (which was issued in Suffolk County) is a "substantial part of the events . . . giving rise" to FBF's action here, as to warrant transfer of this action to that venue. (CPLR 503 [a].) Finally, Suffolk County is also the proper venue for this action because ICS filed its complaint in that action before FBF filed its complaint in this action. Thus, the Suffolk action was "commenced" first and the consolidated action should be in Suffolk Supreme. (Harrison, 16 AD3d at 207.)
Accordingly, it is
ORDERED that the branches of ICS's motion seeking dismissal of this action under CPLR 3211 (a) (1) and (5) are denied; and it is further
ORDERED that the branch of ICS's motion seeking consolidation is granted only to the extent that this action is joined for purposes of discovery and trial with Island Corporate Servs., LLC v FBF Seatuck, LLC, Index No. 612254/2024 (Sup Ct, Suffolk County); and it is further
ORDERED that the place of the joint trial shall be Supreme Court, Suffolk County; and it is further
ORDERED that ICS shall serve a copy of this order with notice of its entry on FBF; on the Clerk of this Court (by the means set forth in the court's e-filing protocol, available on the e-[*6]filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), who is directed to transfer this action to Supreme Court, Suffolk County and update its records accordingly; and on the office of the General Clerk (by the means described above), which is directed to update its records accordingly; and it is further
ORDERED that ICS shall also serve notice of entry on the Clerk of Supreme Court, Suffolk County, who is directed to update his records accordingly; and it is further
ORDERED that ICS shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer.
DATE 12/2/2024

Footnotes

Footnote 1:FBF argues that ICS's notice of motion is defective, because it is "wholly unclear as to the grounds of relief requested." (NYSCEF No. 25 at 1.) As ICS points out, however, FBF does not explain how the request for relief in the notice of motion—to dismiss the action and/or consolidate and transfer it—is vague. (See NYSCEF No. 9 [notice of motion].) In any event, the relief sought is clearly set forth in ICS's moving papers.

Footnote 2:ICS does assert that FBF and the Spadaro Trust have an "unknown agreement" to split the Spadaro commission between them. (NYSCEF No. 11 at ¶ 15.) But ICS makes this assertion only in its memorandum of law, without citing or providing supporting evidence.

Footnote 3:ICS also argues that the proper venue is Suffolk County, because this action would modify the Spadaro judgment. (NYSCEF No. 11 at ¶ 26.) This argument fails for the reasons set forth above in Point I. 

Footnote 4:FBF also does not explain why the location of the closing of the real-property transfer should matter for place-of-trial purposes—particularly given that the dispute between the parties does not arise from circumstances related to the closing, but rather from the underlying brokerage-commission agreement.

Footnote 5:ICS has written to the court alleging that FBF has "has withdrawn the escrowed funds and utilized them for other purposes." (NYSCEF No. 30 [letter to court].) The court need not, and does not, address this allegation in resolving the current motion.