**Burgess v LEC Consulting & Inspection Group Inc**

2024 NY Slip Op 34337(U)

December 12, 2024

Supreme Court, New York County

Docket Number: Index No. 150411/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**                    PART                    58

                                          *Justice*

-----------------------------------------------------------------------------X

JANELLE BURGESS,

                                       Plaintiff,

                                    - v -

LEC CONSULTING AND INSPECTION GROUP INC, FIVE
STAR ELEVATOR TESTING INC.,CHAMPION ELEVATOR
CORPORATION, CHAMPION ELEVATOR
CONSTRUCTION CORP.,

                                       Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150411/2020 |
| MOTION DATE | 08/14/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 131, 132, 135, 136, 137, 138, 139

were read on this motion to/for                    CONSOLIDATE/JOIN FOR TRIAL                    .

     Defendants Champion Elevator Corporation and Champion Construction Corp. (together

Champion) move, pursuant to CPLR § 602, to consolidate and join this action with the related

action, *Janelle Burgess et. al v Mohammed Zaman et al,* pending in Queens County under Index

Number 719220/2018, for purposes of joint trial.[1]

<u>Pertinent Facts and Procedural Background</u>

     On December 15, 2018, plaintiff commenced an action in Queens County for personal

injuries arising out of a motor vehicle accident (Action 1).  Plaintiff claimed injuries to her

lumbar spine and left shoulder, and injuries to her young child, who is also a named plaintiff

therein.  All discovery was completed in Action 1 and a note of issue was filed on October 25,

2022.

---

[1] Defendants LEC Consulting and Inspection Group Inc., and Five Star Elevator Testing Inc. are no longer defendants in this current action pursuant to stipulation of discontinuance (NYSCEF 49) (NYSCEF 60).

[* 1]

On January 13, 2020, plaintiff commenced the present action in New York County for personal injuries arising out of an incident involving an elevator located at her place of employment, the New York Hotel Trade Council and Hotel Association of New York City Health Center, Inc. She was allegedly struck by an elevator door as she entered the elevator, causing injuries to her lumbar spine, left shoulder, left hip, and left elbow. The parties appeared for several discovery conferences between September 2021 and April 2023, and in May 2023, plaintiff filed her note of issue. On August 14, 2024, Champion filed this motion.

Contentions

Champion argue that because plaintiff alleges that similar injuries occurred to her left shoulder and lumbar spine in both the present action and in Action 1, she is asserting identical claims and the cases should be consolidated for joint trial in New York County to avoid the possibility of inconsistent verdicts. Moreover, Champion argues that because of the overlap in plaintiff's injuries, medical evidence should be presented to one jury to prevent two different juries awarding verdicts for the same injuries, an outcome that would prejudice Champion.

Plaintiff does not oppose consolidation, but asserts Queens County is the proper venue for consolidation as it is the county where Action 1 was filed, nearly two years before the instant action. She maintains that it would be prejudicial for Action 1 to be moved to New York County because the accident relevant to Action 1 occurred in Queens County, and all her witnesses are based there. Furthermore, she maintains it would be especially difficult for her infant child, a named plaintiff in Action 1, to travel to New York County for trial while attending school. Lastly, plaintiff argues that the Action 1 is already on the trial calendar, and plaintiff would be prejudiced with a transfer of venue at this stage of trial preparation.

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**
**Motion No.  005**

**Page 2 of 5**

2 of 5

[* 2]

<u>Legal Conclusions</u>

CPLR 602(a) provides that:

> Generally. When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Great deference is accorded a motion court's discretion in granting consolidation pursuant to CPLR 602(a); where there are common questions of law and fact, there is a preference for consolidation in the interest of judicial economy unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right" (*Matter of Oct. 31*, 194 AD3d 645, 646 [1st Dept 2021] [citations omitted]; *see Teitelbaum v PTR Co.*, 6 AD3d 254, 255 [1st Dept 2004]).

In determining whether two actions should be consolidated, it is not necessary that all the issues of law and all the facts be common to both actions (*see de Saint Phalle v de Saint Phalle*, 92 AD2d 792 [1st Dept 1983]). Additionally, consolidation or joint trial is proper if evidence admissible in one action is admissible in, or relevant to, the other (s*ee Siegel v Greenberg*, 85 AD2d 516 [1st Dept 1981]). A joint trial is particularly useful when there is an issue of fact or law common to two or more cases, but there is only one party common to all of the actions (3 New York Civil Practice: CPLR P 602.03 [2021] citing, *inter alia*, *Cola Rugg Enters., Inc. v Consolidated Edison Co. of N.Y., Inc*., 109 AD2d 726 [2d Dept 1985] and *Mascioni*, 94 AD2d at 739).

Both the present action and Action 1 involve the same plaintiff, whose alleged injuries involve overlapping areas of her body. The similarity and overlap of injuries create a danger of defendants in one case blaming the defendants in the other case for aggravating or exasperating plaintiff's injuries (*see Gage v Travel Time & Tide*, 161 AD2d 276, 554 N.Y.S.2d 910 [1st Dept.

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**     **Page 3 of 5**
   **Motion No.  005**

3 of 5

[* 3]

1990]). In Action 1, following an automobile accident, plaintiff allegedly suffered from posterior disc bulge with regional nerve encroachment with upper, mid, and lower back pain (NYSCEF 29). Plaintiff additionally suffered from bilateral shoulder pain from the Action 1 incident (*id.*), while in the present action, following the elevator incident, plaintiff suffered injury to her lumbar spine including a lumbar sprain, straightening of the lumbar spine, restriction of motion in the lumbosacral spine, impaired mobility and difficulty sitting, standing, and climbing stairs. Because of overlapping injury, the interest of justice and judicial economy are served by consolidation for a joint trial (*see Melendez v Presto Leasing*, 161 AD2d 501 [1st Dept 1990] [holding a joint trial was warranted where plaintiff alleged essentially the same injuries occurring from two separate accidents]).

Yet generally, in the absence of special circumstances, when actions from different counties are consolidated, the site of the earlier-commenced action is where the consolidated actions should be venued *(DLJ Mortg. Capital, Inc. v Kontogiannis,* 110 AD3d 522 [1st Dept 2013]; *Harrison v. Harrison,* 16 AD3d 206 [1st Dept 2005]; *see also Parker v. Troutman Sanders LLP* 89 AD3d 638 [1st Dept 2011], *Amcan Holdings, Inc. v Torys LLP,* 32 AD3d 337 [1st Dept 2006]). When considering whether to depart from the "first-filed rule," the court may consider special circumstances such as the presence of evidence and convenience of witnesses (*Parker*, 89 AD3d at 638; *Harrison*, 16 AD3d 206).

While Champion moves to have both actions be venued in New York County, it does not address the "first-filed rule," nor does it provide evidence of any special circumstances to overcome the presumption that Queens County is the appropriate venue for consolidation.

Thus, Champion's motion is granted to the extent that consolidation is warranted for a joint trial in Queens County. Accordingly, it is

ORDERED that the motion of defendants Champion Elevator Corporation and Champion Elevator Construction Corp to consolidate is granted to the extent that the above-captioned action is joined for trial with *Janelle Burgess et. al v Mohammed Zaman et al,* pending in Queens County under Index Number 719220/2018; it is further

ORDERED that within 30 days from entry of this order, counsel for the movant shall serve a copy of this order, with notice of entry, upon the Clerk of the Trial Support Office, who is hereby directed to transfer the captioned action to Queens County and to mark the court's records to reflect that the captioned action has been joined with the matter of *Janelle Burgess et. al v Mohammed Zaman et al*, Index Number 719220/2018 for the purposes of joint trial; it is further

ORDERED that, within 30 days from entry of this order, counsel for the movant shall serve a certified copy of this order upon the Clerk of the Supreme Court, Queens County, and shall pay the appropriate fee, if any, for such transfer and shall contact the staff of said Clerk to arrange for the effectuation of the transfer in an efficient manner; and it is further

ORDERED that service upon the Clerk of the Supreme Court, Queens County shall be made in accordance with any applicable protocol or other procedures of said county.

**12/12/2024**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150411/2020   BURGESS, JANELLE vs. LEC CONSULTING AND**   **Page 5 of 5**
**Motion No.  005**

5 of 5